UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Shawn Harrington, *on behalf of himself and all others similarly situated*, | :<br>:<br>: |
| Plaintiff, | : Case No.: 1:19-cv-11180-RGS<br>: |
| v. | :<br>: |
| Wells Fargo Bank, N.A., | :<br>: |
| Defendant. | : |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 15(a)(2),[1] Plaintiff Shawn Harrington, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

**INTRODUCTION**

1. This action arises out of Defendant Wells Fargo Bank, N.A., ("Wells Fargo" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2. The Massachusetts Attorney General has regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone

---

[1] Counsel for Defendant has provided its written consent permitting Plaintiff to file a First Amended Complaint.

number provided by the debtor as his or her personal telephone number, for each debt . . . ." 940 CMR § 7.04(1)(f).

3.  The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the <u>initiation</u> of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless <u>initiated</u> the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

4.  It is Wells Fargo's practice to call Massachusetts consumers more than twice a week to attempt to collect consumer debts. Wells Fargo placed more than two collection calls to Plaintiff Shawn Harrington ("Plaintiff") within a seven-day period in an attempt to collect a debt, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated. Plaintiff seeks injunctive relief to end Wells Fargo's illegal practice, declaratory relief to make Wells Fargo's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

**PARTIES**

5.  Plaintiff, Shawn Harrington, is an adult individual residing in Framingham, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

6. Defendant, Wells Fargo Bank, N.A., is a business entity with a principal address of 110 N. Phillips Avenue, Sioux Falls, South Dakota 57104, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to Wells Fargo.

8. The Debt arose from an automobile financing loan which was primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

9. Wells Fargo attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B. Wells Fargo Engages in Unfair Business Practices

10. Within the last four years, Wells Fargo called Plaintiff's cellular telephone in an attempt to collect the Debt.

11. Wells Fargo called Plaintiff's cellular telephone at number 508-XXX-2461.

12. Wells Fargo called Plaintiff from, *inter alia*, telephone number 800-289-8004.

13. Wells Fargo called Plaintiff at an excessive and harassing rate, placing more than two calls to Plaintiff regarding a debt within a seven-day period.

14. Indeed, throughout the second half of 2018 and the beginning of 2019, Wells Fargo placed near-daily calls to Plaintiff's cellular telephone and consistently placed more than four calls to Plaintiff's cellular telephone within a seven-day period in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages and Injury

15. Plaintiff suffered actual damages as a result of Wells Fargo's unlawful conduct.

16. Specifically, as a direct consequence of Wells Fargo's repeated calls to Plaintiff's cellular telephone in an attempt to collect the Debt, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17. Wells Fargo's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of his personal privacy.

18. Wells Fargo's repeated calls wasted Plaintiff's time and energy spent tending to Wells Fargo's calls.

### D. 93A Demand Letter

19. On January 24, 2019 Plaintiff mailed a letter to Wells Fargo via certified mail which, pursuant to M.G.L. c. 93A § 9(3), identified Plaintiff's claim and described Wells Fargo's unfair and deceptive acts. The letter was delivered to Wells Fargo on January 28, 2019.

20. On March 19, 2019, Wells Fargo mailed a response letter which did not include a settlement offer but merely stated that it was "reviewing [Plaintiff's] concerns and will respond when our research is complete."

## CLASS ACTION ALLEGATIONS

### A. The Class

21. Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

22. Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from Wells Fargo within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

### B. <u>Numerosity</u>

23. As its regular business practice, Wells Fargo hounds Massachusetts consumers with numerous debt collection calls per week. Class members are believed to be so numerous that joinder of all members is impractical.

24. The exact number and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

25. Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

### C. <u>Common Questions of Law and Fact</u>

26. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

27. The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a. Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   b. Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

### D. <u>Typicality</u>

28. Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

**E. Protecting the Interests of Class Members**

29. Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

30. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

36. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2, AND MDCR, 940 CMR § 7.04(1)(f)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

39. Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

40. Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

41. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

42. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

- A) An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt;

- B) Declaratory relief as prayed for herein;

- C) Awarding actual and/or statutory damages under M.G.L. c. 93A § 9;

- D) Awarding actual and/or statutory damages under M.G.L. c. 93A § 9 for the Class;

- E) Awarding treble damages under M.G.L. c. 93A § 9;

- F) Awarding treble damages under M.G.L. c. 93A § 9 for the Class;

- G) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9; and

- H) Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 30, 2019

PLAINTIFF,
SHAWN HARRINGTON

By Plaintiff's attorneys,

LEMBERG LAW, LLC

　　/s/ Sergei Lemberg
Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road

Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 30, 2019 a copy of the foregoing was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                By /s/ Sergei Lemberg
                   Sergei Lemberg