# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>Defendant. | Civil Action No. 1:19-cv-11180-RGS |

## DECLARATION OF REGINA WALLER
[Supporting Wells Fargo's Opposition To Plaintiff's Motion To Remand]

Now comes Regina Waller, on oath and deposes and states as follows:

1. I am an Account Resolution Manager for Wells Fargo Bank, N.A. ("Wells Fargo"). I have been employed by Wells Fargo since 2004.

2. I make these statements based on my personal knowledge, my experience and knowledge about Wells Fargo, and based upon my review of business records kept in the course of business activity regularly conducted by Wells Fargo. This declaration is based, in part, upon personal knowledge obtained through my review and analysis of Wells Fargo's business records.

3. Wells Fargo services automobile loan accounts ("Auto Loans") for customers in Massachusetts. As part of its servicing of Auto Loans, one of Wells Fargo's regular business practices is to place calls to customers for purposes of collecting on the Auto Loans when a customer's loan is delinquent.

4. In connection with the removal of this case to this Court, I reviewed Wells Fargo's business records to identify Massachusetts customers, which are Auto Loans originated in Massachusetts and Auto Loans where the customer currently resides in Massachusetts. Based

1

upon my review, Wells Fargo has serviced 172,130 Auto Loans for Massachusetts customers between May 1, 2015 and May 15, 2019, including customers who were never delinquent. Of those, there are 21,208 loans that were 60 days past due at some point in time between May 1, 2015 and May 15, 2019 and would have received collection calls from Wells Fargo.

5. Except in certain limited circumstances (including loans in bankruptcy, loans in active litigation, or loans subject to cease and desist), it is Wells Fargo's regular business practice to make collection calls to customers who are 60 days past due on their Auto Loans.

6. Wells Fargo maintains databases regarding the calls it makes to its Auto Loan customers. These databases are subject to certain limitations. Some information regarding calls is available only in account notes. It is not possible to determine with complete accuracy how many times collection calls were placed to a particular customer within each seven-day period without conducting a manual account-by-account review of each customer's account records and associated call notes.

7. It is not possible to accurately determine the purpose of each call by running a query against any of Wells Fargo's databases. In addition to collection calls, Wells Fargo places calls to its customers with an Auto Loan for a variety of reasons, including to respond to customer inquiries and for other servicing or customer service questions and issues.

8. It is also not possible to confirm at the present date whether accounts were previously held by customers residing in Massachusetts if those customers no longer have a current Massachusetts address. The databases only contain the state in which the loan was originated and the current state of residence for the accountholder for each Auto Loan account.

9. Accordingly, for these reasons among others, it is not possible for Wells Fargo to accurately determine how many times it placed collection calls to a particular customer within

each seven-day period without conducting a manual account-by-account review of each customer's account and associated call notes.

      I DECLARE, PURSUANT TO 28 U.S.C. § 1746, UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS 30TH DAY OF JULY, 2019, AT IRVING, TEXAS.

*/s/ Regina Waller*
Regina Waller
Senior Vice President and Account Resolution Manager
Wells Fargo Bank, N.A.
July 30, 2019

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>Defendant. | Civil Action No. 1:19-cv-11180-RGS |

CERTIFICATE OF SERVICE

I, Sean R. Higgins, certify that on July 31, 2019 the *Declaration Of Regina Waller [Supporting Wells Fargo's Opposition To Plaintiff's Motion To Remand]*, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

*/s/ Sean R. Higgins*
Sean R. Higgins