# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:19-cv-11180-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement," "Settlement," or "Settlement Agreement") is entered into by and among (i) Shawn Harrington ("Plaintiff"), (ii) a settlement class of similarly-situated persons (specifically defined below as the "Settlement Class"), and (iii) Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto ("Wells Fargo Auto"). The parties to this Agreement are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court. This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

1.     **Recitals.** The following Recitals are incorporated into this Agreement.

    1.1     Plaintiff is an adult individual residing in Framingham, Massachusetts.

1.2     On April 12, 2016, Plaintiff allegedly financed the purchase of a used 2007 Volvo S80 automobile via an indirect automobile loan, which was later assigned to Wells Fargo Auto as account number XXXXXX8789 (the "Debt")).  On April 8, 2019, Plaintiff filed a putative class action complaint titled <u>Shawn Harrington v. Wells Fargo Auto Finance, Inc.,</u>[1] 1981CV00996, in the Superior Court for the County of Middlesex in the Commonwealth of Massachusetts (the "<u>Action</u>").

1.3     Plaintiff alleged that Wells Fargo Auto violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("<u>MCPA</u>"), and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("<u>MDCR</u>"), by placing in excess of two calls within a seven-day period when attempting to collect the Debt.  Plaintiff sought to represent himself and a class of similarly situated consumers.

1.4     On May 24, 2019, pursuant to 28 U.S.C. §§ 1332, 1441 & 1453, Wells Fargo Auto removed the Action to the United States District Court for the District of Massachusetts under the Class Action Fairness Act ("<u>CAFA</u>"), 28 U.S.C. § 1332(d).

1.5     On May 24, 2019, the Action was docketed as <u>Shawn Harrington v. Wells Fargo Auto Finance, Inc.</u>, 1:19-cv-11180-RGS, the Honorable Richard G. Stearns presiding.

1.6     Counsel for the Parties have extensively investigated the facts relating to the claims and defenses alleged and the underlying events in the Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Action, and have conducted a thorough assessment of the strengths and weaknesses of their respective claims and defenses.

---

[1] The Complaint named "Wells Fargo Auto Finance, Inc." rather than Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto, which is the proper party.

1.7     Wells Fargo Auto denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability, and denies that Plaintiff and the putative class members are entitled to any relief from Wells Fargo Auto, particularly because Wells Fargo Auto has maintained at all relevant times, and continues to maintain, MDCR-compliant internal policies and procedures.

1.8     Counsel for the Parties have engaged in extensive arm's-length negotiations concerning the settlement of the claims asserted in the Action, including a full-day mediation session led by the Hon. Stephen E. Neel (Ret.) of JAMS Boston.

1.9     Wells Fargo Auto, without admitting or conceding any wrongdoing or liability, has concluded that further defense would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Settlement Agreement, subject to Court approval.

1.10    Plaintiff, and his counsel, on behalf of the Settlement Class (as defined below), after receiving information and conducting discovery have concluded based upon their investigation, and taking into account the contested issues involved, the legal principles at issue, the expense and time necessary to prosecute the Action through trial, the risks and costs associated with further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a settlement with Wells Fargo Auto on the terms set forth is fair, reasonable, and adequate, and in the best interest of the Plaintiff and the Settlement Class.

1.11    The Parties and their counsel agreed to settle this Action on the terms set forth herein and to have judgment entered pursuant to this Settlement Agreement without trial or adjudication of any issue of fact or law excepting approval of this Settlement Agreement.

1.12    Plaintiff's Motion for Preliminary Approval will include a request for the Court to certify the Settlement Class, comporting with the definition agreed-upon by the Parties set forth in Section 2.35 below.

1.13    This Settlement is expressly conditioned upon and subject to preliminary and final approval by the Court, as set forth herein.  Absent such approvals, this Agreement and underlying Settlement shall be null, void, and of no further force or effect and the Parties shall be returned to their status quo ante.

1.14    NOW THEREFORE, it is hereby agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to the terms and conditions set forth herein and the approval of the Court, the Action shall be fully and finally settled and dismissed with prejudice on a class-wide basis.

2.    **Definitions.**  Unless defined elsewhere in this Agreement, as used herein and in the documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice versa.

2.1    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.2    "Class Counsel" or "Settlement Class Counsel" means Sergei Lemberg and Stephen Taylor of Lemberg Law LLC.

2.3    "Class List" means the list produced by Wells Fargo Auto consisting of the names, addresses and telephone numbers of the 20,757 Settlement Class Members.

2.4    "Class Period" means the period from April 26, 2015 to December 30, 2019.

2.5    "Counsel for Wells Fargo Auto" or "Wells Fargo Auto's Counsel" means Sean R. Higgins and Edward J. Mikolinski of K&L Gates, LLP.

2.6    "Court" means the United States District Court for the District of Massachusetts.

2.7    "*Cy Pres* Recipient" means the organization that the Parties agree to, and that the Court finds appropriate, to receive any funds from uncashed Settlement Checks.

2.8    "Defendant" or "Wells Fargo Auto" means Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto.

2.9    "Effective Date" means one (1) business day after the Final Approval Order and Judgment becomes final.  For this Agreement's purposes, the Final Approval Order and Judgment becomes final when (a) the time for an appeal has expired without an appeal having been timely filed; (b) an appeal was filed and the appellate court has affirmed Final Approval Order and Judgment without any material change, and its mandate has issued; or (c) an appeal was filed and, on remand, the Court enters a further order or orders approving the settlement on the terms set forth herein, and either no further appeal is taken from any such order or any such appeal results in affirmance.

2.10    "Fee Award" means any award of reasonable attorneys' fees and reimbursement of costs and expenses to be awarded by the Court to Class Counsel.

2.11    "Final Approval Hearing" means the hearing at which the Court will be asked to grant final approval to this Settlement Agreement in all material respects as fair, reasonable, and adequate, consider any timely objections to this Settlement Agreement, authorize the entry of a final judgment, and determine the amounts of the Fee Award and Incentive Award.

2.12    "Final Approval Order and Judgment" means the order in which the Court certifies the Settlement Class, grants final approval of this Settlement Agreement, authorizes the entry of a final judgment, and dismisses the Action with prejudice.

2.13    "Funding Date" means the date, which shall be no later than thirty (30) days after the Effective Date, on which Wells Fargo Auto shall deposit the balance of the Settlement Fund.

2.14    "Incentive Award" means the payment to be made to the Named Plaintiff as set forth in this Settlement Agreement, subject to the approval of the Court in recognition for the Named Plaintiff's time and effort in prosecuting the Action.

2.15    "Initial Settlement Check" means a negotiable check to be sent to Settlement Class Members as identified in the Class List.

2.16    "Long Form Notice" means the long form notice to be made available on the Settlement Website, describing the terms of this Settlement Agreement and containing information on receiving direct payment, opting out of the Settlement Class, or objecting to the Settlement, substantially in the form of Exhibit A hereto.

2.17    "Notice" means the notice of this proposed Settlement Agreement and Final Approval Hearing, which is consistent with the requirements of due process, and which is to be provided substantially in the manner set forth in this Agreement and the exhibits thereto, including Long Form Notice, Short Form/Postcard Notice, and the Settlement Website.

2.18    "Notice Plan" means and refers to the plan to disseminate Notice of the Settlement Agreement to the Settlement Class that comports with due process.

2.19    "Objection Deadline" means the date by which any Persons who fall within the definition of "Settlement Class" must submit any objections to the Settlement Agreement and which shall be set for a date sixty (60) days following commencement of the Notice Plan.

2.20    "Opt-Out Deadline" means the date by which any Persons who fall within the definition of "Settlement Class" must submit any requests to exclude themselves from or Opt-Out of the Settlement Agreement and shall be set for a date sixty (60) days following commencement of the Notice Plan.

2.21    "Parties" means the Plaintiff, Wells Fargo Auto, and the Settlement Class.

2.22    "Person" means, without limitation, any individual consumer.

2.23    "Plaintiff," "Named Plaintiff," or "Class Representative" means Shawn Harrington.

2.24    "Preliminary Approval Order" means the Court's Order to be entered in connection with the hearing at which the Court, *inter alia*, preliminarily certifies the Settlement Class, grants its preliminary approval to this Settlement Agreement, authorizes the dissemination of Notice to the Settlement Class, and schedules the Final Approval Hearing.  The Preliminary Approval Order shall be substantially consistent with Exhibit B to this Agreement.

2.25    "Release," or "Releases" means the releases set forth in Section 17 of this Settlement Agreement.

2.26    "Remaining Funds" means the amount of funds remaining in the Settlement Fund from Initial Settlement Checks not cashed by Settlement Class Members within forty-five (45) days of issuance.

2.27    "Second Settlement Check" means a negotiable check to be sent to Settlement Class Members that cash Initial Settlement Checks, dividing the Remaining Funds on a pro rata basis.

2.28    "Settlement Administration Costs" means the expenses incurred by the Settlement Administrator in providing Notice pursuant to the Notice Plan approved by the Court and mailing checks for Settlement Class Members.  Settlement Administration Costs shall be paid from the Settlement Fund.

2.29    "Settlement Administrator" means a vendor selected by Plaintiff and Wells Fargo Auto and approved by the Court to issue Notice to the Settlement Class Members and to administer the settlement.

2.30    "Settlement Agreement," "Settlement," or "Settlement Agreement and Release" or "Agreement" means this settlement agreement and release, including the attached exhibits.

307781790 v1

2.31    "Settlement Check" means any check issued to a Settlement Class Member as part of this Settlement, whether the Initial Settlement Check or the Second Settlement Check.

2.32    "Settlement Class" is specifically defined as "The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List."  The Settlement Class shall not include any employees, officers, members and/or agents of Wells Fargo Auto; any members or employees of Class Counsel; any person who is barred from receiving payment pursuant to this Settlement by virtue of a pending court proceeding (including but not limited to a pending bankruptcy proceeding), court order (including but not limited to a bankruptcy discharge), or a prior release of claims against Wells Fargo Auto; and/or any judicial officer who handles this case, and the immediate family members of such judicial officer(s).

2.33    "Settlement Class Member" or "Class Member" means a Person who falls within the definition of the Settlement Class and who does not Successfully Opt-Out.

2.34    "Settlement Fund" means the total aggregate common fund that Wells Fargo Auto will be obligated to pay by operation of this Settlement Agreement upon the finality of the Final Approval Order and Judgment becomes.  The Settlement Fund equals one million, twenty-five thousand dollars ($1,025,000.00 USD), which constitutes Wells Fargo Auto's maximum, exclusive, and total payment obligation under this Settlement Agreement.  The Settlement Fund is a non-reversionary fund; all portions of the fund will be used to pay Settlement Class Members, any Attorneys' Fees and Costs, any Incentive Award, Administrative Costs and any *cy pres* distribution, and no part of the fund will revert to Wells Fargo Auto.  The Settlement Fund shall

307781790 v1

be maintained in an interest-bearing account if possible at a bank chosen by the Settlement Administrator (the "Settlement Fund Bank Account").  Any costs associated with opening and/or maintaining the Settlement Fund Bank Account shall be deducted from the Settlement Fund.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.

2.35   "Settlement Website" means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement, the Preliminary Approval Order, and the Long Form Notice, and providing Settlement Class Members means to update addresses for direct payment.

2.36   "Short Form/Postcard Notice" means written notice of the settlement in the form attached hereto as Exhibit C, to be sent in a postcard format, summarizing the terms of the settlement and advising Persons who fall within the definition of the Settlement Class of their options to receive direct payment, exclude themselves, and object to the settlement.

2.37   "Successful Opt-Out" or "Successfully Opt-Out" means a properly completed and timely opt out request, but shall not include (a) any requests that are not treated as requests for exclusion, and (b) any requests that are invalid, untimely, or are otherwise void pursuant to the provisions of this Agreement.

2.38   All references to days shall be interpreted to mean calendar days, unless otherwise noted.  When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

2.39   All references to "his," "her," and similar terms are intended to be gender-neutral and apply equally to Persons who are businesses, organizations, or other non-natural Persons.

2.40   Other terms are defined in the text of this Settlement Agreement and shall have the meaning given to those terms in the text.  Defined terms as used in other documents related to the Settlement shall have the meaning given to them in this Settlement Agreement, unless otherwise specified.

3.   **Settlement Consideration and Payment Procedure.**  In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, and the Releases set forth in Section 17 below, and subject to the Court's preliminary and final approval, the Parties agree to the following relief:

3.1   Relief to Settlement Class Members.

3.1.1   No later than the Funding Date, Wells Fargo Auto shall pay the Settlement Funds to the Settlement Administrator for deposit into the Settlement Fund Bank Account. Wells Fargo Auto shall not be responsible for any payments or obligations other than those specified in this Agreement.  In the event that this Settlement Agreement is not finally approved or otherwise terminates, any advances paid to the Settlement Administrator by Wells Fargo Auto that have not been spent, and are not required for amounts that are due and payable for reasonable and identified notice and administration costs already incurred, shall, within ten (10) business days, be returned by the Settlement Administrator to Wells Fargo Auto in the manner that Wells Fargo Auto directs.

3.1.2   To facilitate the notice and administration process, Wells Fargo Auto shall provide the Settlement Administrator with the Class List.  The Settlement Administrator will confirm to the Parties that the Class List contains the names, addresses and telephone numbers of the 20,757 Settlement Class Members.  Any information on the Class List shall be provided solely for the purpose of providing Notice to the Settlement Class and

informing Settlement Class Members about their rights further to this Settlement, shall be kept in strict confidence, shall not be disclosed to any third party, shall be used for no other cases, and shall be used for no other purpose.

3.1.3   Subject to the terms and conditions of this Agreement, Settlement Class Members shall qualify for direct payment from the Settlement Fund so long as they do not Successfully Opt-Out by the Opt-Out Deadline.

3.1.4   Each Settlement Class Member shall receive, an Initial Settlement Check, constituting a pro rata share of the Settlement Fund, after payment of Settlement Administration Costs, the Fee Award, and the Incentive Award.

3.1.5   The amount of the Initial Settlement Check shall be irrespective of the number of telephone calls made to each Settlement Class Member.

3.1.6   Any Remaining Funds from uncashed Initial Settlement Checks after forty-five (45) days of issuance will remain part of the Settlement Fund.  The Settlement Administrator will issue a Second Settlement Check constituting a pro rata share of the Remaining Funds to all Settlement Class Members who cashed their Initial Settlement Checks.  However, if the remaining pro rata share of the Settlement Fund is less than $5.00 for each Settlement Class Member who cashed their Initial Settlement Check, the Settlement Administrator will not issue Second Settlement Checks and any Remaining Funds will instead be included and paid to the *Cy Pres* Recipient pursuant to Section 3.1.9 below.

3.1.7   All Settlement Class Members will be informed that Settlement Checks must be cashed within forty-five (45) days of issuance or else the checks will be void and

Settlement Class Members will have no further right or entitlement to any payment under the terms of this Settlement.

       3.1.8   Notwithstanding any judgment, principle, common law rule or statute, there shall be no interest accrued, owing, or paid by Wells Fargo Auto via Settlement Checks, the Settlement Fund, or on any other benefit available (or potentially available) under this Agreement.

       3.1.9   If any amount of funds remain in the Settlement Fund after forty-five (45) days after issuance of the Second Settlement Checks, the Class Administrator will pay any such funds to the *Cy Pres* Recipient, agreed by the Parties.  No portion of the Settlement Fund will revert to Wells Fargo Auto.

4.      **<u>Administration of Claims</u>.**

       4.1    Within thirty (30) days of entry of the Preliminary Approval Order, the Settlement Class Administrator shall issue Notice.

       4.2    The Settlement Administrator shall keep the Class List and all personal information obtained therefrom, including the identity, telephone numbers, email addresses, and U.S. mailing addresses of Persons within the Settlement Class, strictly confidential in accordance with applicable law and confidentiality agreements that it shall execute or has already executed.  The Class List shall only be used in furtherance of the Settlement Agreement and for no other purpose.

       4.3    The Settlement Administrator shall create the Settlement Website that provides Settlement Class members means to update addresses for direct payment.  The Settlement Website shall also include the Long Form Notice, the Preliminary Approval Order, and this Settlement Agreement.  The Settlement Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

5.    **Payment of Settlement Administration Costs.**

5.1    All Settlement Administration Costs, including the Settlement Administrator's fees and expenses, shall be paid out of the Settlement Fund.

5.2    The Settlement Administrator will, as early as practicable, estimate the Settlement Administration costs, and communicate that estimate to the Parties.

5.3    Within thirty (30) days after entry of the Preliminary Approval Order, or within thirty (30) days after receiving an estimate from the Settlement Administrator of the total anticipated Settlement Administration Costs, whichever is later, Wells Fargo Auto will advance the estimated Settlement Administration Costs to the Settlement Administrator.

6.    **Payment of Benefits.**

6.1    Subject to the terms and conditions of this Settlement Agreement, after the Funding Date, the Settlement Administrator shall make the following disbursements from the Settlement Fund in this order:

6.1.1    Pay all taxes and tax-related expenses, if any or, at the Settlement Administrator's reasonable discretion, it shall reserve the amount of the Settlement Fund sufficient to pay taxes and tax-related expenses;

6.1.2    Pay to the Settlement Class Representative any Incentive Award ordered by this Court;

6.1.3    Pay to Class Counsel any Fee Award ordered by the Court;

6.1.4    Pay all remaining Settlement Administration Costs and, if additional costs are to be incurred in the future, reserve the amount of the Settlement Fund sufficient to pay all Settlement Administration Costs.

6.1.5    Mail Initial Settlement Checks to all Settlement Class Members who have not submitted a Successful Opt-Out.

6.1.6    Mail Second Settlement Checks to all Settlement Class Members that cashed Initial Settlement Checks.

6.1.7    Pay any remaining amounts in the Settlement Fund to the *Cy Pres* Recipient.

6.1.8    The Settlement Checks shall be mailed to the addresses in the Class List or updated by the Settlement Administrator as contemplated in this Agreement.

6.1.9    The Settlement Administrator's and the Parties' respective obligations with respect to the distribution of Settlement Checks, the Settlement Administration Costs, any Fee Award, any Incentive Award, and the amount of unclaimed and uncashed Settlement Checks, if any, shall be performed reasonably and in good faith.  So long as such obligations are performed in good faith, the Parties and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release and any judgment shall be effective on the Effective Date.

7.    **Settlement Class Certification**.

7.1    Wells Fargo Auto does not object to the certification of the Settlement Class strictly and solely for settlement purposes.  Certification of the Settlement Class will be effective only with respect to the Settlement of this Action and is without prejudice to the rights of Wells Fargo Auto to oppose class certification and/or to contest issues of liability in this Action should this Settlement Agreement be terminated, or not completed by the Effective Date for any reason.  This Settlement Agreement shall be inadmissible as evidence that Wells Fargo Auto has engaged in any wrongful conduct, or conduct that otherwise violates any federal, state, or local laws, regulations or rules, shall be inadmissible in any other action against Wells Fargo Auto, and shall not be

construed as an admission by Wells Fargo Auto as to any matter.  In the event that this Agreement is terminated pursuant to its terms or not completed by the Effective Date for any reason, then certification of the Settlement Class, which is strictly and solely for settlement purposes only, will be vacated and of no further force or effect, and the Action will proceed as it existed before execution of this Settlement Agreement.

8.     **Preliminary and Final Approval Orders**

8.1     Plaintiff will file a motion for entry of an order preliminarily approving this settlement.  Plaintiff will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit B. Additionally, Plaintiff will request that the Court approve a "Notice of Class Action and Proposed Settlement," attached hereto as Exhibit A, and request that the Court permit the Parties to direct the Settlement Administrator to send Notice as set forth in this Agreement.

8.2     The Preliminary Approval Order will set a date for a Final Approval Hearing.  At the time Plaintiff moves for the Preliminary Approval Order as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

8.3     After Notice is provided, Plaintiff shall request and obtain from the Court a Final Approval Order in the form attached hereto as Exhibit D.  The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the Settlement.  If the Court does not enter a Final Approval Order substantially in the form of Exhibit D or a modified version thereof that is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

8.4     Wells Fargo Auto's failure to oppose Plaintiff's request for entry of a Preliminary Approval Order and/or a Final Approval Order shall not constitute an admission by Defendant as to any matter.

9.      **Notice Plan.**

9.1     The Parties will provide Notice using the most recent mailing address included in Wells Fargo Auto's records for each Settlement Class Member.

9.2     The Settlement Administrator shall, by using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), obtain updated mailing addresses, if available.

9.3     Within thirty (30) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Short Form/Postcard Notice to each Class Member via first class mail.  To the extent deemed necessary by the Settlement Administrator, the last known address of Persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Settlement Administrator may conduct a reasonable search to locate an updated address for any Person in the Settlement Class whose Short Form/Postcard Notice is returned as undeliverable; (b) the Settlement Administrator shall update addresses based on any forwarding information received from the Postal Service; and (c) the Settlement Administrator shall update addresses based on information it receives and through any requests received from Persons in the Settlement Class, including through the Settlement Website.

9.4     If any Short Form/Postcard Notice sent under this section is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Short Form/Postcard Notice once to the forwarding address, if any, provided by the Postal Service on the face of the

returned mail.  Other than as set forth in this paragraph, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail the Short Form/Postcard Notice.

9.5    The Settlement Administrator shall have discretion to format the Short Form/Postcard Notice in a reasonable manner to minimize mailing or administrative costs. Before the Short Form/Postcard Notices are mailed, Class Counsel and Counsel for Defendant shall first be provided with a proof copy of all forms of Notice (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with the Settlement Agreement and with any orders by the Court.

9.6    No later than thirty (30) days following the entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Long Form Notice, this Settlement Agreement, the Amended Complaint, the Preliminary Approval Order, and any other relevant documents to be made available on a dedicated Settlement Website, the website name/URL for which is to be agreed upon by the Parties, to be administered by the Settlement Administrator.  When available, the Settlement Administrator shall make available on the Settlement Website Class Counsel's application for a Fee Award, any motion seeking approval of any Incentive Award and any motion seeking entry of the Final Approval Order.  Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by Class Counsel and Defendant's Counsel.  Such approvals shall not be unreasonably withheld.

9.7    Within thirty (30) days after entry of the Preliminary Approval Order, the Settlement Administrator shall set up a toll-free telephone number that will provide automated information about the Settlement, the Settlement Class Members' rights, important deadlines, and instructions as to how Settlement Class Members may request and obtain hard-copy Settlement documents.  That telephone number shall be maintained until the Opt Out /Objection Deadline.

After that time, and through the date the Final Approval Order is entered, a recording will advise any caller to the toll free telephone number that the Opt Out /Objection Deadline has passed and that details regarding the Settlement may be reviewed on the Settlement Website.

9.8     Wells Fargo Auto shall be responsible for timely compliance with any notice required by CAFA, 28 U.S.C. § 1715.  Wells Fargo Auto shall provide proof of such compliance by filing a confirmation declaration with the Court at least fourteen (14) days prior to the Final Approval Hearing.

10.     **Right and Effect of Members of the Class to Opt-Out.**

10.1     Each Person who falls within the definition of the Settlement Class shall have the right to opt-out and not participate in the Settlement Agreement as provided for in the Preliminary Approval Order.

10.2     The Notice shall explain the right to request exclusion from the Settlement Class and not to be bound by this Settlement Agreement, if, before the Opt-Out Deadline, the Person who falls within the definition of the Settlement Class (a "Requester") completes and mails a valid request for exclusion (an "Opt-Out") to the Settlement Administrator at the address set forth in the Notice.  The Opt-Out must be postmarked on or before the Opt-Out Deadline.

10.3     For an Opt-Out request to be valid and treated as a Successful Opt-Out, it must include: (a) the Requester's full name, address, and the name of the Action and telephone number; (b) the Requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on behalf of the Requester; and (c) state unequivocally that the Requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.  The Settlement Administrator shall

promptly inform Wells Fargo Auto's Counsel and Class Counsel of any Opt-Out requests it receives.

10.4    Persons who submit Successful Opt-Outs shall receive no benefit or compensation under this Settlement Agreement, shall have no right to object to the proposed Settlement Agreement or participate at the Final Approval Hearing, and shall not be bound by any order or judgment entered in this Action.

10.5    A request to Opt-Out that does not comply with all of the foregoing, or that is not timely submitted or postmarked by the Opt-Out Deadline, shall be invalid and the person serving such request shall be treated as a Settlement Class Member and be bound by this Settlement Agreement and the Release contained herein if finally approved.

10.6    No Person shall purport to exercise any exclusion rights of any other Person, or purport to: (i) Opt-Out Persons who fall within the definition of the Settlement Class as a group, aggregate, or class involving more than one Person; or (ii) Opt-Out more than one Person who falls within the definition of the Settlement Class on a single paper, or as an agent or representative. Any such purported Opt-Outs shall be void, and any Person(s) who are the subject of such purported Opt-Outs shall be treated as Settlement Class Members.

10.7    Before the Final Approval Hearing, the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs.  The Parties shall, if possible, agree as to whether a communication from or on behalf of a Person who falls within the definition of the Settlement Class is a request to Opt-Out.  Wells Fargo Auto's Counsel and Class Counsel may dispute an Opt-Out or purported Opt-Out, and if the Parties are unable to resolve such dispute, they shall present the issue to the Court for resolution.

11.     **Inquiries to the Settlement Administrator**

11.1    It shall be the responsibility of the Settlement Administrator to respond to all inquiries from or on behalf of potential Settlement Class Members with respect to this Settlement. Class Counsel and Counsel for Wells Fargo Auto must both approve any frequently asked questions (FAQ) or other material the Settlement Administrator may use to answer inquiries and shall confer and assist the Settlement Administrator as it requests.

12.     **Objections to the Settlement and Appearance at Final Approval Hearing**

12.1    Any Settlement Class Member may comment in support of, or in opposition to, the Settlement at his or her own expense; provided, however, that all comments and/or objections must be in writing and mailed or hand-delivered to the Clerk of the Court and the Settlement Administrator and postmarked or delivered by no later than the Objection Deadline.  Objections may be filed by counsel for a Settlement Class Member, retained at the Settlement Class Member's expense, though any such counsel must file an appearance in the Action.

12.2    Each objection must:

12.2.1  set forth the Settlement Class Member's full name, address, and telephone number;

12.2.2  contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member;

12.2.3  state that the Settlement Class Member objects to the Settlement, in whole or in part;

12.2.4  set forth the complete legal and factual bases for the objection, including citations to relevant authorities;

12.2.5  provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and

12.2.6  state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either pro se or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

12.3   An objector is not required to attend the Final Approval Hearing.  However, any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at his or her own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the underlying settlement.  A Settlement Class Member or his or her attorney who wishes to speak at the Final Approval Hearing must so state in his or her written objection or submit a separate notice of intention to appear to the Clerk of Court no later than the Objection Deadline.  No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in a written objection but failed to do so.

12.4   Any Settlement Class Member who fails to timely submit a written objection with the Court shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

13.   **Final Approval Hearing.**

13.1   The Parties will request that the Court schedule a Final Approval Hearing after the Opt Out /Objection Deadline.

13.2    Class Counsel shall file their petition for a Fee Award and Incentive Award no later than thirty (30) days prior to Objection Deadline.

13.3    Class Counsel shall file their motion for entry of a Final Approval Order and Judgment no later than fourteen (14) days prior to the Final Approval Hearing.

13.4    No more than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

13.5    No later than fourteen (14) days before the Final Approval Hearing, Wells Fargo Auto shall file with the Court a certification that it complied with the CAFA notice requirements and stating the date of such compliance.

13.6    If the Settlement Agreement is preliminarily approved by the Court, and all other conditions precedent to the Settlement have been satisfied, then Plaintiff shall file a Motion for Final Approval asking, inter alia, that the Court enter a Final Approval Order and Judgment, with Plaintiff filing a memorandum of points and authorities in support of the motion.  Either Party may file a memorandum addressing any objection to the Settlement that has been submitted.  Any request by Wells Fargo Auto for entry of the Final Approval Order and Judgment, or failure to object to Plaintiff's request for entry of the Final Approval Order and Judgment, shall not be an admission or concession by Wells Fargo Auto as to any matter pertaining to Plaintiff's claims or the Action.

13.7    At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be finally approved as fair, reasonable, and adequate, whether any objections to the Agreement should be overruled, whether the requested Fee Award and the

requested Incentive Award should be approved, and whether a judgment finally approving the Settlement Agreement should be entered.

13.8    This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order that grants final approval of this Agreement and:

13.8.1  finds that the Notice provided satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process under the Constitution of the United States;

13.8.2  finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

13.8.3  finds that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the Releases in Section 17, and that this Settlement Agreement should be and is approved;

13.8.4  dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against Wells Fargo Auto, without fees or costs to any Party except as provided in this Agreement; and

13.8.5 retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

14.    **Litigation Stay.**

14.1    Except as necessary to secure approval of this Settlement Agreement or as otherwise provided herein, the Parties shall take no further steps to prosecute the Action in this Court or in any other court.  In the event the Settlement Agreement is not approved or is terminated

according to its terms, the Parties may resume litigation no sooner than fourteen (14) days after such event or as otherwise directed by the Court.

15.     **Conditions of Settlement; Effect of Disapproval, Cancellation, Termination or Nullification of Settlement.**

15.1     The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last in time of the following events occurs:

15.1.1  This Agreement has been signed by the Parties, Settlement Class Counsel, and Wells Fargo Auto's Counsel;

15.1.2  The Court has entered the Preliminary Approval Order;

15.1.3  The Court has entered the Final Approval Order and Judgment substantially consistent with the Order attached hereto as Exhibit D following Notice to the Settlement Class; and

15.1.4  The Final Approval Order and Judgment has become final.

15.2     If some or all of the conditions specified in Section 15.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be cancelled and terminated subject to Section 15.3 below, unless Class Counsel and Wells Fargo Auto's Counsel agree in writing to proceed with this Agreement. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel, or the Incentive Award to the Named Plaintiff, regardless of the

amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

15.3     Wells Fargo Auto shall have the option to terminate this Settlement Agreement and thereby render the Settlement Agreement null and void, if (i) the Court fails to give preliminary approval to this Settlement Agreement or any aspect of the Settlement, or fails to give final approval to this Settlement Agreement; (ii) the Court fails to give final approval to this Settlement Agreement or any aspect of the Settlement, provided however, that the Court's denial, in whole or in part of, of the Fee Award to Class Counsel or the Incentive Award to the Named Plaintiff shall not be a basis for Wells Fargo Auto to terminate this Settlement Agreement, and further provided that the Court's denial of the parties proposed Claims Administrator shall not be a basis for Wells Fargo Auto to terminate this Settlement Agreement; (iii) the Court materially alters the Agreement, the proposed Preliminary Approval Order or proposed Final Approval Order; (iiv) an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand; (iv) the Effective Date does not occur; or (vi) any other ground for termination provided for elsewhere in this Agreement occurs.  Wells Fargo Auto's termination shall be communicated in writing to Class Counsel within thirty (30) days of the occurrence of any event giving rise to Wells Fargo Auto's option to terminate.

15.4    If this Agreement is terminated or fails to become effective for any reason, the Parties—to the fullest extent possible—shall be restored to their respective positions as of the date of the signing of this Agreement.  In such event, any judgment or other order entered by any court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante as if this Agreement had never been entered into.

16.    **No Admission of Liability; Non-Use.**

16.1    Wells Fargo Auto has agreed to the terms of this Agreement to end all controversy with Plaintiff and the Settlement Class Members and to avoid the burden and expense of litigation, without in any way acknowledging fault or liability.  Nothing herein shall constitute an admission by Wells Fargo Auto that the Action was properly brought on a class or representative basis other than for settlement purposes.  Wells Fargo Auto denies any liability or wrongdoing of any kind associated with the alleged claims in the Action.  Wells Fargo Auto has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action. Nothing herein shall constitute an admission by Wells Fargo Auto of wrongdoing or liability, or of the truth of any allegations in the Action.  The settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Wells Fargo Auto, or as a concession by Wells Fargo Auto as to the truth of any of the allegations in the Action, or the veracity of any claim for relief or defense, or as an admission regarding any other matter in the Action.

16.2    This Agreement, whether or not consummated, and any proceedings taken pursuant to it:

16.2.1 shall not be offered or received against Wells Fargo Auto or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Wells Fargo Auto or any other Released Party concerning the truth of any fact alleged by the Plaintiff or the validity of any claim that was or could have been asserted against Wells Fargo Auto or any Released Party in the

Actions or in any litigation, or of any liability, fault, misconduct or wrongdoing of any kind of Wells Fargo Auto or any Released Party;

16.2.2  shall not be offered or received against Wells Fargo Auto or any Released Party as evidence of a presumption, concession or admission of any liability, fault, misconduct or wrongdoing by Wells Fargo Auto or the Released Parties, or against the Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of the Plaintiff or the other Settlement Class Members;

16.2.3  shall not be offered or received against Wells Fargo Auto or any Released Party, or against the Plaintiff or any other Settlement Class Members, as evidence of a presumption, concession or admission concerning any liability, fault, misconduct or wrongdoing of any kind, or in any way referred to for any other reason as against Wells Fargo Auto or any Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; except, if this Agreement is approved by the Court, then Wells Fargo Auto or any other Released Party may refer to it to effectuate the protection from liability granted them by this Agreement;

16.2.4  shall not be construed against Wells Fargo Auto or any Released Party, or against the Plaintiff or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given by this Agreement represents the amount which could be or would have been recovered after trial; and

16.2.5  shall not be construed against the Plaintiff or any Settlement Class Member as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable in this Action would not have exceeded the Settlement Fund.

17.    **Releases; Binding and Exclusive Nature of Settlement Agreement.**

17.1    In connection with the Settlement, the Final Approval Order and Judgment shall provide that the Action is dismissed with prejudice as to the Named Plaintiff and all Settlement Class Members.  As of the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, resolved, relinquished and discharged each and all of the Released Parties from each of the Released Claims.  The Releasing Parties further agree that they will not institute any actions or causes of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal, or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  The release does not apply to Persons who fall within the definition of the Settlement Class but who submit a Successful Opt-Out in accordance with the term of this Agreement.

17.2    For purposes of this Settlement Agreement, "Released Parties" means Wells Fargo Auto, all of Wells Fargo Auto's acquired entities, predecessors, successors, affiliates, parent companies, and subsidiaries (collectively, "Affiliates"), and all of their past or present predecessors, successors, direct or indirect parents, subsidiaries, associates, affiliates, assigns, employers, employees, shareholders, principals, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns, franchisees and persons, firms, trusts, corporations (each solely in their respective capacity as such); and any other individuals or entities in which Wells Fargo Auto or Wells Fargo Auto's Affiliates have or had a controlling

interest, to which they are related, or with which they are affiliated and any other representatives of any of these individuals or entities.  This Settlement benefits and protects Wells Fargo Auto's Affiliates in the same manner and to the same extent that it benefits or protects Wells Fargo Auto.

17.3    For purposes of this Settlement Agreement, "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that any of the Releasing Parties have, had, and/or may have against Wells Fargo Auto, including but not limited to the matters alleged and claims asserted in the Action and/or claims that could have been alleged therein, based on the facts alleged in the complaint filed in the Action that Wells Fargo Auto placed phone calls to the 20,757 Settlement Class Members in excess of two times in a seven day period regarding an automobile loan account between April 26, 2015 and December 30, 2019.  The Parties shall request that this Release be included in the Final Approval Order.

17.4    For purposes of this Settlement Agreement, "Releasing Parties" means the Named Plaintiff, all Settlement Class Members and: (1) with respect to any Settlement Class Member that is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioneds' present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors and any other representatives; and, (2) with respect to

any Settlement Class Member who is an individual, any present, former, and future spouses, dependents, children, parents, and any other members of the household who used the telephone number to which calls from or on behalf of Wells Fargo Auto were made, as well as the present, former, and future estates, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and any other representatives of each of them.

18.    **Attorneys' Fees and Incentive Award**.

18.1    No later than thirty (30) days prior to the Objection Deadline, Class Counsel may make written application to the Court for a Fee Award of up to, but not exceeding, one-third of the Settlement Fund.  Wells Fargo Auto agrees not to oppose such application in an amount not to exceed one-third of the Settlement Fund.  The Parties agree that the Court shall determine the final amount of the Fee Award in this Action.

18.2    No later than thirty (30) days prior to the Objection Deadline, Class Counsel may make written application to the Court for an Incentive Award to be paid to the Named Plaintiff for representing the Settlement Class of up to $7,500.00.  Wells Fargo Auto agrees not to oppose an application in an amount not to exceed $7,500.00.  The Parties agree that the Court shall determine the final amount of the Incentive Award in this Action.

18.3    Any Fee Award and Incentive Award awarded by the Court shall be paid by the Administrator out of the Settlement Fund no later than thirty (30) days after the Effective Date.

19.    **Effect on Settlement**.

19.1    The Parties agree that the rulings of the Court regarding the amount of the Fee Award and Incentive Award, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as

provided for in this Settlement Agreement and that any determination in that regard may be embodied in a separate order from the Court. Any order or proceedings relating to the amount of the Fee Award or the Incentive Award, including any appeals from or modifications or reversals of any orders related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Final Approval Order and Judgment becomes final as defined herein except that the Payment of Benefits procedures as set forth in Section 6 shall not commence until the final resolution of any appeals or modification or reversals of any orders related to the amount of the Fee Award and Incentive Award.

20.   **Court Submission.**

20.1   Class Counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure. If the Court declines to grant preliminary approval of this Agreement and to order Notice to be provided to the Settlement Class, or if the Court declines to grant final approval to the foregoing after such Notice, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and Settlement will not be approved.

21.   **Integration Clause.**

21.1   This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Agreement shall not be orally modified in any respect and

can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

22.   **Headings.**

22.1   Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

23.   **Binding and Benefiting Others.**

23.1   This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not Opt-Out, and to their respective agents, employees, representatives, trustees, members, managers, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

24.   **Representations and Warranties.**

24.1   The Parties each represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.  Plaintiff hereby warrants and represents that he has not assigned any claim, right, or interest relating to the Released Claims to any other person or party and is fully entitled to release same.

25.    **Governing Law.**

25.1    The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the Commonwealth of Massachusetts without regard to its conflict of laws and/or choice of law principles.

26.    **Mutual Interpretation.**

26.1    The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power.  Also, the Agreement has been drafted jointly by Class Counsel and Counsel for Wells Fargo Auto.  Accordingly, no ambiguity shall be construed in favor of or against any of the Parties.  Plaintiff acknowledges, but does not concede or agree with, Wells Fargo Auto's statements regarding the merits of the claims, and Wells Fargo Auto acknowledges, but does not concede or agree with, Plaintiff's statements regarding the merits of the claims.

27.    **Incorporation of Recitals.**

27.1    Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

28.    **Counterparts.**

28.1    This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

29.    **Severability.**

29.1    In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality,

or unenforceability shall not affect any other provisions if the Parties and their counsel elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

30. **Claims Against Settlement Benefits.**

30.1    In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to resolve such a claim or to transmit the funds to such third party.

31. **Execution of Documents.**

31.1    The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement.

32. **Exhibits.**

32.1    The exhibits to this Settlement Agreement are an integral and material part of this Settlement Agreement and are hereby incorporated and made a part of this Settlement Agreement.

33. **No Assignments: Binding on Assigns.**

33.1    Each Party represents, covenants, and warrants that she or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that she or it herein releases.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

34. **Terms and Conditions Not Superseded.**

34.1    Nothing in this Settlement Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the

relationship between Wells Fargo Auto and Wells Fargo Auto's Affiliates and their customers, or to the products and services provided by Wells Fargo Auto and Wells Fargo Auto's Affiliates purchased by their customers.

35.    **Waiver of Compliance**.

35.1    Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived or excused in writing, to the extent permitted under applicable law, by the Party entitled to the benefit of such obligation, covenant, agreement, or condition, and such party's counsel.  A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of or estoppel with respect to any subsequent or other failure.

36.    **No Collateral Attack**.

36.1    This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Members or their representatives any time on or after the Effective Date.  Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Settlement Class Member's claim should have been heard or decided by another court or in another suit, that a Settlement Class Member's claim was improperly denied, that the payment to a Settlement Class Member was improperly calculated, and/or that a Settlement Class Member failed to receive timely notice of the Settlement.

37.    **Authorization**.

37.1    The signatories hereto represent that they are fully authorized to enter into the Settlement Agreement and bind the Parties to the terms and conditions hereof.

38.     **Settlement Class Member Signatures**.

38.1     It is agreed that, because the Settlement Class is so numerous, it is impractical to have each Settlement Class Member execute this Settlement Agreement.  The Notice will advise all Settlement Class Members and/or their representatives of the binding nature of the Releases and of this Settlement Agreement, and in the absence of a Successful Opt-Out, such Notice shall have the same force and effect as if each Settlement Class Member executed this Settlement Agreement.

39.     **Drafter of Agreement**.

39.1     None of the Parties will be considered to be the drafter of this Settlement Agreement or any of its provisions for purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

40.     **Limitations on Use**.

40.1     Neither this Settlement Agreement nor any related documents filed or created in connection with this Settlement Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Settlement Agreement.

41.     **Confidentiality of Settlement Negotiations**.

41.1     The Parties and their counsel shall keep strictly confidential and not disclose to any third party any non-public information regarding the Parties' negotiation of this Settlement and/or Agreement, unless ordered by the Court to do so. For the sake of clarity, information contained within this Agreement shall be considered public, as well as any information requested by the Court in the approval process and other such information necessary to implement this Settlement,

provided such information is filed (and is not under seal) and/or is not considered to be confidential materials under the Parties' Protective Order in this case.

42.     **Jurisdiction**.

42.1    After entry of the Final Approval Order and Judgment the Court shall retain jurisdiction with respect to enforcement of the terms of this Settlement Agreement and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement Agreement and any dispute relating thereto.

43.     **Taxes**.

43.1    The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.

43.2    For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

43.3    Any expenses reasonably incurred by the Settlement Administrator in carrying out the duties described in this Agreement, including fees of tax attorneys and/or accountants, shall be paid by the Settlement Administrator from the Settlement Fund pursuant to its estimates and invoice for services rendered.

43.4    Any Person who receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that Person by reason of that

distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.  If a Settlement Class Member who is an individual who is entitled to receive $600 or more will reasonably cooperate with the Settlement Administrator to obtain appropriate reporting information for all Settlement Class Members who receive over $600.

43.5    Plaintiff and Class Counsel shall fully bear all the tax consequences of any and all benefits received by them in connection with this Agreement.  Plaintiff acknowledges that Wells Fargo Auto and its attorneys provided no tax advice related to this Agreement and that Wells Fargo Auto may be required to file a Form 1099 or other information reports with the United States Internal Revenue Service.  Plaintiff has been advised to consult with tax counsel of Plaintiff's own choice to seek legal and tax advice regarding the taxability or non-taxability of consideration provided herein.  In no event shall Wells Fargo Auto or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class Counsel, the Settlement Class Members, the Cy Pres or any other Person.

44.    **No Press Releases; No Disparagement.**

44.1    With the exception of the Notices provided for herein, no Party may issue a press release or public statement of any type, whether oral or written, regarding the Action or the Settlement.  Neither Party may make any statement disparaging the other Party, or suggesting that Wells Fargo Auto has been found to have violated any law, or that the settlement amounts to an admission of liability.

45.   **Notice To Parties**.

    45.1   Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided to the following persons:

| | |
|---|---|
| If to Wells Fargo Auto: | Sean R. Higgins, Esq.<br>K&L Gates LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111 |
| If to Class Counsel: | Sergei Lemberg, Esq.<br>Stephen Taylor, Esq.<br>Lemberg Law LLC<br>43 Danbury Road<br>Wilton, CT 06897 |

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____        SHAWN HARRINGTON, on behalf of himself and the Settlement Class

                                 By: _____

DATED: _____        Reviewed and approved by Class Counsel, and agreement to be bound to all provisions in the Agreement that apply to Class Counsel

                                 By: _____

DATED: <u>2020-08-26 15:23:32 GMT</u>        WELLS FARGO BANK, N.A. d/b/a WELLS FARGO AUTO

                                 By: <u>E-SIGNED by Laura Schupbach on 2020-08-26 15:23:32 GMT</u>

                                 Its: <u>Head of Wells Fargo Auto</u>

DATED: _____        Reviewed and approved by Wells Fargo Auto's Counsel

                                 By: <u>DocuSigned by: *Sean Higgins* 174DE682D608428...</u>

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: 08/28/2020 _____

SHAWN HARRINGTON, on behalf of himself and the Settlement Class

By: _____

DATED: 08/28/2020 _____

Reviewed and approved by Class Counsel, and agreement to be bound to all provisions in the Agreement that apply to Class Counsel

By: _____

DATED: 2020-08-26 15:24:29 GMT _____

WELLS FARGO BANK, N.A. d/b/a WELLS FARGO AUTO

By: _____
E-SIGNED by Laura Schupbach
on 2020-08-26 15:24:29 GMT

Its: Head of Wells Fargo Auto _____

DATED: _____

Reviewed and approved by Wells Fargo Auto's Counsel

By: _____

# <u>Exhibit A</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-----------------------------------------------------------------X

Shawn Harrington, *on behalf of himself and all others*
*similarly situated,*

                       Plaintiff,

   v.

Wells Fargo Bank, N.A.

                       Defendant.

-----------------------------------------------------------------X

**NOTICE REGARDING**
**<u>CLASS ACTION SETTLEMENT</u>**

A Settlement Agreement has been reached in a class action lawsuit alleging that Wells Fargo Bank, N.A. ("Wells Fargo") violated the law by placing in excess of two telephone calls in a seven day period to Massachusetts consumers to collect a debt regarding a Wells Fargo automobile loan. Wells Fargo's records show that you may be a class member under the Settlement Agreement reached in the case.

The Settlement Agreement provides for a settlement fund of $1,025,000.00 to pay Settlement Class Members, attorney's fees, costs, any incentive award to the Class Representative (Shawn Harrington) and settlement administration costs. If the settlement is approved, Settlement Class Members shall qualify for direct payments from the Settlement Fund.  Your legal rights are affected whether you act or don't act so <u>read this notice carefully</u>.

| YOUR OPTIONS | |
|---|---|
| **Option 1:**<br>**Do Nothing** | **Do nothing and recover from the Settlement Fund**<br>If the Settlement Agreement is approved by the Court, Settlement Class Members will receive direct equal payments from Settlement Fund.  Settlement Class Members do not need to submit any claim to recover. |
| **Option 2:**<br>**Ask to be Excluded**<br>**Deadline: _____** | **Get out of this lawsuit and get no benefits from it**<br>You may ask to be excluded from the lawsuit.  By excluding yourself, you cannot recover as part of this settlement and you keep a right to sue on your own. |
| **Option 3: Object**<br>**Deadline: _____** | **Object to the terms of the Settlement Agreement.**<br>You may object to the terms of the Settlement Agreement and have your objections heard at the _____ Fairness Hearing. If you object to the Settlement Agreement you do remain part of the Settlement Class. |

**1.     What is this lawsuit about?**

In the lawsuit, the Plaintiff alleges that Wells Fargo violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), by placing in excess of two calls regarding a debt within a seven-day period to Plaintiff and other Massachusetts consumers.

Wells Fargo denies any wrongdoing and denies that it violated the MCPA, the MDCR or any other law.

Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of further litigation.

You can read Plaintiff's Complaint, the Settlement Agreement and other case documents at www.Harringtonclass.com

**2.     Why is this a class action?**

In a class action, a Class Representative (in this case, Plaintiff Shawn Harrington) sues on behalf of a group (or a "Class") of people.  Here, the Class Representative sued on behalf of people who have similar claims regarding allegedly excessive debt collection calls.

**3.     Why is there a settlement?**

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class claims.

**4.     How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List.

There are 20,757 Settlement Class Members.

**5.     How do I recover?**

You do not need to do anything to recover.  If the Settlement Agreement is approved, the Settlement Fund, minus administrative costs, attorneys' fees and costs and any incentive award to the named plaintiff, will be distributed by a mailed check directly to Settlement Class Members in an equal amount.

If some Settlement Class Members do not cash the Initial Settlement Check, those uncashed funds will be distributed equally in a Second Settlement Check to all Settlement Class Members who did cash their first check.

If any amounts are remaining from the uncashed Second Settlement Checks, those amounts will be provided to a charitable organization.  The parties have recommended [[[ ]]].

**6.      What am I giving up to receive these benefits?**

By staying in the Class, all of the Court's orders will apply to you, and you give a "release" for any claims arising from allegedly excessive telephone calls to you.  A release means you cannot sue or be part of any other lawsuit against Wells Fargo and the Released Parties about the claims or issues in this lawsuit and you will be bound by the Settlement Agreement.

**7.      How much will the Class Representatives receive?**

The Class Representative will receive his portion of the settlement as a Class Member and an incentive award for having pursued this action. Any incentive payment is subject to Court Approval. The Class Representative will request an Incentive Award of $7,500.

**8.      Do I have a lawyer in this case?**

To represent the class, the Court has appointed attorneys with the law firm of Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897 as "Class Counsel."
Class Counsel will request an award of attorney's fees of no more than 33% of the Settlement Fund and for reimbursement of expenses.  Any attorney's fee and expense award is subject to Court Approval.  You may hire your own attorney, but only at your own expense.

**9.      I don't want to be part of this case, how do I ask to be excluded?**

Answer: Send a Request to Be Excluded.
If you don't want a payment from this settlement, but you want to keep the right to individually sue the Defendant about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself, or "opting out", of the Settlement Class. To request to exclude yourself, you must send a letter by mail with (a) the Requester's full name, address, and the name of the Action and telephone number; (b) the Requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on behalf of the Requester; and (c) state unequivocally that the Requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

You must mail your exclusion request postmarked no later than [insert date] to *[[[ ]]]*.

**10.     How do I object?**

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement.  In order to exercise this right, you must submit your objection to the Court by the Objection Deadline. Your objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the complete legal and factual bases for the Objection, including citations to relevant authorities; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vi) state whether the objecting Settlement Class

Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

Objections must be filed with the Clerk of the Court, and delivered or postmarked no later than _____.

The Court's address is: *Clerk of the Court, District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.*

### The Fairness Hearing

The Court will hold a fairness hearing on **_____, 2021** in the courtroom of the Honorable Richard G. Stearns, U.S. Courthouse, *District of Massachusetts1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210.*. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to rule on applications for compensation for Class Counsel and an incentive award for the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

### FOR MORE INFORMATION

Additional information and documents, including case documents, are available at www.Harringtonclass.com, or you can call [[[ ]]].

# **<u>Exhibit B</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Shawn Harrington, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.<br><br>Defendant. | Civil Action No. 1:19-cv-11180-RGS |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT;
CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE; AND SETTING
DATE FOR FINAL APPROVAL HEARING**

**WHEREAS**, Plaintiff Shawn Harrington ("Plaintiff") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), have reached a proposed Settlement of the Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS**, Plaintiff has applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS**, the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

**WHEREAS**, it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.     The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3.      The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations involving mediation before the Honorable Stephen E. Neel (Ret.), former Superior Court judge for the Commonwealth of Massachusetts and an experienced mediator.

4.      For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class:

> The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List.

5.      The Court preliminarily finds, for Settlement purposes only, that:

a.      The above-described Settlement Class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to the Settlement Class;

c.      The claims of the Settlement Class Representative is typical of the claims of the Settlement Class;

d.      The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class;

e.      The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

f.      Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court notes that,

because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. *Amchem Prods. Inc. v. Windsor*, 117 S. Ct. 2231, 2240 (1997).

6.      The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

7.      The Named Plaintiff, Shawn Harrington, shall be the Settlement Class Representative of the Settlement Class.  This Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Class Members.

8.      The Court approves Lemberg Law, LLC, as settlement Class Counsel.  This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

9.      The Court approves JND Class Action Administration to serve as the Settlement Administrator in this Action.

10.     Any information on the Class List shall be provided solely for the purpose of providing Notice to the Settlement Class and informing Settlement Class Members about their rights further to this Settlement, shall be kept in strict confidence, shall not be disclosed to any third party other than as set forth in the Settlement Agreement to effectuate the terms of the Agreement or the administration process, shall be used for no other cases, and shall be used for no other purpose.

11.     To the extent that any federal or state law governing the disclosure and use of consumers' financial information (including but not limited to "nonpublic personal information" within the meaning of the Graham–Leach–Bliley Act, 15 U.S.C. ch. 94, and its implementing regulations) permits such disclosure only as required by an order of a court, this order—

(a)     qualifies as "judicial process" under 15 U.S.C. § 6802(e)(8), and

(b)      authorizes the production of such information subject to this order's protections, in which case the producing party's production of such information in accordance with this order constitutes compliance with the applicable law's requirements.

To the extent that any such law requires a producing or requesting party to give prior notice to the subject of any consumer financial information before disclosure, the Court finds that the limitations in this order furnish good cause to excuse any such requirement, which the Court hereby excuses.

12.      If the Settlement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

13.      A  Final  Approval  Hearing  shall  be  held  before  this  Court  on _____, 20__,[1] to address: (a) whether the Court should finally certify the Settlement Class and whether the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class; (b) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; (c) whether the Released Claims of the Settlement Class in this Action should be dismissed on the merits and with prejudice; (d) whether Class Counsel's Attorney's Fees and Costs application and the Incentive Award for Named Plaintiff should be approved; and (e) such other matters as the Court may deem necessary or appropriate.  Papers in support of final approval of the Settlement, the Incentive Award to Named Plaintiff, and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 21 below. The Final Approval Hearing may be postponed,

---

[1] A date no earlier than 120 days following entry of this Preliminary Approval Order as detailed in paragraph 23 *infra*.

adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the Released Claims being settled. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by Wells Fargo and the Class Representative and without further notice to the Settlement Class.

14.     The Court approves, as to form and content, the use of a Long Form Notice and Short Form/Postcard Notice substantially similar to the forms attached as Exhibits A and C to the Settlement Agreement, respectively. Written Notice will be provided to members of the Settlement Class by first-class U.S. mail using Wells Fargo's records as well as other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business. All Notices shall be mailed within 30 days of the date of entry of this Preliminary Approval Order. Prior to the Final Approval Hearing, the Settlement Administrator will submit to the Court a declaration of compliance with these notice provisions.

15.     The cost of Notice and settlement administration shall be paid by Wells Fargo and from the Settlement Fund, as provided for in the Settlement Agreement.

16.     The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23.

17.     Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in

the Notice, a timely and valid written request for exclusion postmarked no later than 30 days before the Final Approval Hearing.

18.     Each request for exclusion, or "Opt-Out", must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed.  Further, to be valid and treated as a successful exclusion or "Opt-Out" the request must include: (a) the Requester's full name, address, and the name of the Action and telephone number; (b) the Requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on behalf of the Requester; and (c) state unequivocally that the Requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

19.     No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or representative. Any such purported exclusion shall be void and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

20.     Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

21.     Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement.  Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court and mail or hand-deliver to the Settlement Administrator a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, delivered or postmarked no later than the Objection Deadline.  Each Objection must (i) set forth the Settlement

Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the complete legal and factual bases for the Objection, including citations to relevant authorities; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vi) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing. Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

22.     Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any Released Claim against any of the Released Parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

23.     Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice mailing deadline | 30 days after entry of Preliminary Approval Order |
| Attorney's Fees and Costs application due by | 30 days following the Notice mailing deadline |
| Incentive Award application due by | 30 days following the Notice mailing deadline |
| Last day for Class Members to opt-out of Settlement | 60 days following the Notice mailing deadline |

| Last day for Class Members to Object to the Settlement | 60 days following the Notice mailing deadline |
| --- | --- |
| Briefs in support of Final Approval due by | 14 days prior to the Final Approval Hearing |
| Wells Fargo to file certification regarding CAFA notice requirements | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | On the date set in paragraph 13, but no earlier than 120 days after entry of Preliminary Approval Order |

24.     Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel to Sergei Lemberg, Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897; for Defendant to Sean R. Higgins, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111.

25.     In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action. In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

26.     The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

27.     All discovery and other litigation activity in this Action is hereby stayed pending final approval of the Settlement.

28.     The Settlement shall not constitute an admission, concession, or indication of the

validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by

Wells Fargo, which vigorously denies all of the claims and allegations raised in the Action.

**IT IS SO ORDERED.**


DATED: _____, 2020          By: _____
                                          Richard G. Stearns
                                          United States District Judge

# **Exhibit C**

Short Form/Post Card Notice



NOTICE FROM
UNITED STATES DISTRICT FOR
THE DISTRICT OF
MASSACHUSETTS
(not a lawyer solicitation)

A Settlement Agreement has been reached in a class action lawsuit alleging that Wells Fargo Bank, N.A. ("Wells Fargo"), violated the law by placing in excess of two telephone calls in a seven day period to Massachusetts consumers to collect a debt regarding a Wells Fargo automobile loan.  Wells Fargo's records show that you may be a class member and may be entitled to payment under the Settlement Agreement reached in the case.

The Settlement Agreement provides for a settlement fund of $1,025,000.00 to pay Settlement Class Members, attorney's fees, costs, any incentive award to the Class Representative (Shawn Harrington) and settlement administration costs. Each Class Member is entitled to an equal share of the fund. If the settlement is approved, Settlement Class Members shall qualify for direct payments from the Settlement Fund.   Your legal rights are affected whether you act or don't act so read this notice carefully.

This Postcard Notice contains limited information about the Settlement. For more information visit www.Harringtonclass.com

**[[[Admin Address]]]**

PRESORTED
FIRST-CLASS
MAIL

U.S. POSTAGE
PAID

[NOTICE ID IN DIGITS]
[NOTICE ID IN BARCODE]

Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST]  [ZIP]

Shawn Harrington v. Wells Fargo Bank, N.A., 19-cv-11180 (District of Massachusetts)
Case 1:19-cv-11180-RGS   Document 42-1   Filed 09/03/20   Page 60 of 67
THIS CARD PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT VISIT www.Harringtonclass.com FOR MORE INFORMATION

In the lawsuit, the Plaintiff alleges that Wells Fargo violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA"), and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00, et seq. ("MDCR"), by placing in excess of two calls regarding a debt within a seven-day period to Plaintiff and other Massachusetts consumers. Wells Fargo denies any wrongdoing and denies that it violated the MCPA, the MDCR or any other law. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of further litigation. You can read Plaintiff's Complaint, the Settlement Agreement and other case documents at www.Harringtonclass.com.

**Who's Included in the Settlement Class?** The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List. There are 20,757 Settlement Class Members.

**What Can You Get?** If the Settlement Agreement is approved, each of the 20,757 Settlement Class Member will be sent an equal share of the $1,025,000.00 Settlement Fund after deductions for administrative costs, attorneys' fees and costs and any incentive award to the named Plaintiff. Class Counsel will request up to one-third of the Settlement Fund in attorneys' fees and costs and up to $7,500 as an incentive award to the named Plaintiff for his services on behalf of the Settlement Class. If some Settlement Class Members do not cash the Initial Settlement Check, those uncashed funds will be distributed equally in a Second Settlement Check to all Settlement Class Members who did cash their first check.

The Settlement is explained in detail in the Full Notice and in the Settlement Agreement available at www.Harringtonclass.com.

**How to Get Money?** You do not need to do anything to recover. If the Settlement Agreement is approved payments will be made directly to Settlement Class Members.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE** or you will not be able to sue the Defendants for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by **DATE**. The Full Notice, located at the website listed below, explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on **DATE** at **TIME** p.m. to consider whether to approve the Settlement, Plan of Allocation, and a request by the lawyers representing all Class Members for fees and for reimbursement of expenses for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. **If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute Released Claims.**

For more information or a Claim Form, call 800-xxx-xxxx or visit www.Harringtonclass.com

**Do not contact the Court, Defendant or its counsel with questions.**

# **Exhibit D**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Shawn Harrington, *on behalf of himself and all others similarly situated,* | : : : |
| Plaintiff, | : Civil Action No. 1:19-cv-11180-RGS : : |
| v. | : : |
| Wells Fargo Bank, N.A. | : : |
| Defendant. | : : |

## [PROPOSED] FINAL APPROVAL ORDER

**WHEREAS**, on _____, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Class Action Settlement Agreement between Plaintiff Shawn Harrington and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), and directing that notice be given to the Settlement Class (Doc. No. ___);

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on _____, 202___. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement,

the award of Attorney's Fees and Costs to Class Counsel, and the payment of an Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Wells Fargo, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3.      The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations.  In reaching this conclusion, the Court considered the factors set forth in Fed. R. Civ. P. 23(e)(2) and whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

4.      The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5.      The Court has considered all objections to the Settlement, including the objections

of _____.  The Court finds these objections do not counsel against Settlement approval and they are hereby overruled in all respects.

6.     The Settlement Class, which will be bound by this Final Approval Order and Judgment hereon, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

7.     A list of those putative Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who therefore are not bound by the Settlement, this Order and the Judgment to be entered hereon, has been submitted to the Court in the Declaration of _____, filed in advance of the Final Approval Hearing.  That list is attached as Exhibit A to this Order.  All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, this Order and the Final Judgment to be entered hereon.

8.     For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List.

9.     The putative Settlement Class Members identified on the list submitted to the Court and included on Exhibit A as having timely and properly elected to opt out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement.  The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

10.    For purposes of Settlement only, Plaintiff is certified as representative of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class.  The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement.

11.    Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

12.    The Court finds that the plan for Notice, set forth in Section 9 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

13.    The Court finds that Wells Fargo has fully complied with CAFA's notice requirements.

14.    The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

15.    All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

16.    The cash distributions provided for in the Settlement Agreement shall be paid to

Settlement Class members, pursuant to the terms and conditions of the Settlement Agreement and Sections 3 and 5 thereof.

17.    Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged the Released Parties from the Released Claims as specified in the Release set forth in Section 17 of the Settlement Agreement.

18.    Plaintiff and each Settlement Class Member are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.  In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a setoff or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

19.    The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the calls at issue in the Action.

20.    The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or be deemed to be evidence of, an admission by or against Wells Fargo of any fault, wrongdoing, or liability on the part of Wells Fargo or of the validity or certifiability for litigation of any claims that have been, or

could have been, asserted in the Action.  This Order, the Settlement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Wells Fargo or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

21.    The above-captioned Action is hereby dismissed in its entirety with prejudice. Without affecting the finality of this Final Order in any way, the Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

***Let judgment be entered accordingly.***

DATED: _____, 2021               By: _____
                                                                  Richard G. Stearns
                                                                  United States District Judge