IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>  Defendant. | Civil Action No. 1:19-cv-11180-RGS |

**DECLARATION OF SERGEI LEMBERG IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

I, Sergei Lemberg, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1. I am the principal of Lemberg Law, LLC. I am a consumer rights attorney experienced in prosecuting actions under various Federal and State consumer protection statutes. I am a 1997 graduate of Brandeis University with a degree in Economics and a Minor in Accounting, a 2001 graduate of University of Pennsylvania School of Law and now the principal of Lemberg Law L.L.C.

2. Prior to starting my own law firm, I held positions in the New York offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and practiced corporate bankruptcy and reorganization law at Andrews Kurth LLP and Day Pitney LLP. I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

3. I am a member in good standing of the bars of Massachusetts, Connecticut, Georgia, New York and Pennsylvania. I am also admitted to practice before the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuit Courts of Appeal. I am admitted to practice before the

following Federal courts: the District of Massachusetts, Eastern and Western Districts of Arkansas; the District of Connecticut; the Northern and Middle Districts of Georgia; the Northern, Central and Southern Districts of Illinois; the District of Maryland; the Eastern and Western Districts of Michigan; the Eastern District of Missouri; the District of Nebraska; the Northern, Southern, Eastern and Western Districts of New York; the Northern District of Ohio; the Northern, Eastern and Western Districts of Oklahoma; the Western District of Texas; the Eastern, Middle and Western Districts of Pennsylvania

4. My firm's decisions on consumer right's matters include but are not limited to: *Manuel v. NRA Grp. LLC*, 722 F. App'x 141, 142 (3d Cir. 2018); *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98 (1st Cir. 2014); *Scott v. Westlake Servs. LLC*, 2014 WL 250251 (7th Cir. Jan. 23, 2014); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ-LF, 2016 WL 6305992 (D.N.M. Oct. 19, 2016); *Butto v. Collecto, Inc*, 290 F.R.D. 372, 395-396 (E.D.N.Y. 2013); *Cerrato v. Solomon & Solomon*, 909 F.Supp.2d 139 (D. Conn. 2012); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011); *Davis v. Diversified Consultants, Inc.*, 2014 WL 2944864 (D. Mass. June 27, 2014); *Hudak v. The Berkley Grp., Inc.*, 2014 WL 354666 (D. Conn. Jan. 23, 2014); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813 (S.D.N.Y. Dec. 12, 2013); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012).

5. I and my firm have been certified as class counsel, in both contested proceedings and in settlement, in the following matters: *Lavigne v. First Community Bancshares, Inc., et al.*, 2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certification in Telephone Consumer Protection Act ("TCPA") action); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D. Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017)

(final approval of class settlement of $3MM common fund in TCPA action); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM common fund in TCPA action); *In Re: Convergent Telephone Consumer Protection Act Litigation*, ECF No. 268, 3:13-md-02478 (D. Conn., November 10, 2016) (final approval of class settlement consisting of $5.5MM common fund in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Mass. July 13, 2016) (Fair Debt Collection Practice Act ("FDCPA") class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) (FDCPA class action); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Douma v. Law Offices of Mitchell N. Kay P.C.*, 09-cv-9957 (S.D.N.Y.) (FDCPA class action); *Waiters v. Collection Tech., Inc.*, 10-cv-02514 (S.D.N.Y.) (FDCPA class action).

6. I have been interviewed and asked to contribute on multiple occasions by the media regarding various matters that I worked on, such as the Boston Herald, NorthJersey.com, Newsweek, The Leader Herald, PatriotLedger.com, Law360, Texas Lawyer, ABC News, Chanel 7 in Boston, McClatchy, AOL Autos, Connecticut Law Tribune, Philly.com, the Los Angeles Times, Consumer Reports.org, Syracuse.com, Daily News, Harford Advocate.com and the Boston Herald.

7. I have co-authored the definitive compilation of form complaints in Connecticut, Connecticut Civil Complaints for Business Litigation, contributing form complaints for the Lemon Law and Auto Fraud sections.

8. I am also the former Chair of the Consumer Law Section of the Connecticut Bar Association. I held that position from 2014 to 2015. I have been a guest speaker at the Professional Association for Customer Engagement conference in 2014 and the National Debt Collection Forum

in 2016. In both instances I spoke about best practices that should be or are adopted in the debt collection profession from the perspective of a consumer advocate.

9. We have litigated this case on behalf of Plaintiff Shawn Harrington since January 2019 when Mr. Harrington first contacted my office.

10. Prior to our representation of Mr. Harrington and the filing of this class action, I was lead counsel in *Armata v. Target Corp.*, No. 15-493 (Mass. Superior) which concerned alleged violations by of title 940 Code Mass. Regs. § 7.04(1)(f) (2012) (the "Regulation"), implementing Mass. Gen. Laws ch. 93A, § 2 which prohibits creditors from "[i]nitiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period." In *Armata*, Plaintiff lost summary judgment before the Superior Court but won the subsequent appeal to the Supreme Court. *Armata v. Target Corp.*, 480 Mass. 14, 17-18 (2018). Thus, I and my firm are familiar with pursuing actions for alleged violations of Chapter 93A and the Regulation.

11. When Mr. Harrington contacted us, he and we agreed to pursue their claims on a class action basis.

12. We investigated Mr. Harrington's claims, the business of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto ("Wells Fargo Auto") and its collection activities in the Commonwealth.

13. On or about January 24, 2019, we served on Wells Fargo Auto a demand letter pursuant to M.G.L. Chapter 93A, Section 9, for relief on behalf of Plaintiff and a class of similarly situated persons. Thereafter, we filed Plaintiff's class action complaint in Middlesex Superior Court alleging Wells Fargo Auto had a practice and policy of placing more than two calls in a seven-day period to Plaintiff and a class in violation of Massachusetts law.

14. After Wells Fargo Auto removed to this Court, Plaintiff sought remand and Wells Fargo Auto sought to dismiss. The Court denied both motions and discovery commenced.

15. In September 2019, the Parties exchanged written Rule 33 & 34 requests and Defendant noticed the Plaintiff's deposition. Plaintiff sought discovery regarding Defendant's defenses, to both individual and class liability, Plaintiff's claims in chief and the prerequisites of class certification under Fed. R. Civ. P. 23. Following entry of a stipulated protective order, Wells Fargo Auto produced hundreds of pages of documents related to Plaintiff's specific account, communications with the Plaintiff and dial histories, internal policy documents including documents related to compliance with the Regulation and policy changes made overtime, documents on record retention and policies for documenting the outcome of outbound calls.

16. Following review of discovery and conferral between counsel, the Parties agreed to participate in a private mediation.

17. On May 1, 2020, I and my colleague Stephen Taylor, Esq., attended an all-day mediation with Defendant before the Honorable Stephen Neel (Ret.) conducted by video-conference. Prior to the mediation we submitted detailed mediation briefs regarding the issues in the case, the strengths and potential weaknesses of our position, the structure of a potential class-settlement with Wells Fargo Auto. The mediation session was adversarial, conducted at arm's-length, and resulted in agreement on material terms of a class-wide settlement.

18. Following the mediation, the Parties spent the next several months drafting, revising and agreeing to the Settlement Agreement. The Parties sought bids from settlement administrators before agreeing on JND Class Action Administration ("JND"). Wells Fargo also agreed to provide additional sworn testimony regarding the systems that it uses and the data that it maintains related to customer accounts to confirm how it compiled the Class List. Wells Fargo testified that based upon the available customer account data in its systems of record, 20,757 unique accounts comprised the Class List.

19. Plaintiff presents the Settlement Agreement to the Court for preliminary approval. The key terms of the settlement are that:

- Wells Fargo Auto will establish a Settlement Fund in the amount of one million twenty five thousand dollars ($1,025,000), which is the amount Defendant shall be required to pay to the Settlement Class pursuant to the agreement;

- The amounts in the Class Action Settlement Fund set forth above shall be distributed in equal share to each class member who does not opt out, after reduction for costs, attorneys' fees and any incentive award. No claims process is contemplated.

- All class members are given notice of the settlement and the opportunity to exclude themselves from the Settlement or to object. The Parties nominate the JND, as the Settlement Administrator. JND has provided an estimate for notice costs and administration of $60,257.

20. The settlement class we have agreed to and seek to certify is defined as:

The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List.

21. I recommended that the class representative accept the settlement as it represents a fair and reasonable resolution of class claims.

22. Mr. Harrington has been engaged with this case since he first contacted my office; providing us information, answering discovery, discussing settlement terms and ultimately approving the settlement agreement submitted to the Court.

23. My recommendation that these terms be accepted is based on my extensive familiarity with the case. We have aggressively pursued this case and discovered all facets

necessary to make a well informed decision on the merits of this settlement. Given my knowledge of the case, its strengths and weaknesses, and my assessment of the risk to any recovery were the matter to proceed to summary judgment or trial, I find the settlement to be a fair and reasonable resolution of disputed claims.

24. My recommendation is also grounded in my experience in class action litigation which informs my judgment that the terms of the settlement are fair and reasonable. *See generally Carlson v. Target Enter., Inc.*, 447 F. Supp. 3d 1 (D. Mass. 2020); *Lavigne*, 2018 WL 2694457 at *5; *Brown*, 2017 WL 1021025 at *1; *Duchene*, 2016 WL 6916734; *Butto v. Collecto Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013); *Zimmerman v. Portfolio Recovery Associates, LLC*, 2013 WL 1245552 (S.D.N.Y. Mar. 27, 2013); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012).

25. Based on the foregoing, I respectfully request the Court preliminarily approve the class settlement agreement, direct notice be sent to the class and schedule a fairness hearing.

I declare under penalty of perjury that the above is true and correct.

Dated: September 3, 2020

                                                           /s/ *Sergei Lemberg*
                                                           Sergei Lemberg