IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>Defendant. | Civil Action No. 1:19-cv-11180-RGS |

### DECLARATION OF STEPHEN TAYLOR IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

I, Stephen Taylor, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1. I am a Partner at Lemberg Law, LLC, of Wilton, Connecticut. My firm has been retained by Plaintiff Shawn Harrington to represent his interests and the interests of a putative class of similarly situated consumers in regards to their claims against Defendant Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto ("Wells Fargo Auto"). I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2. In addition to being licensed to practice law in the states of Connecticut and New York, I am admitted to the following Federal District Courts: the Southern, Eastern, Western and Northern Districts of New York; the Southern, Eastern, and Northern Districts of Texas; the District of Colorado; the Central and Northern Districts of Illinois; the Eastern District of Michigan and the District of Connecticut. I am a member in good standing in both Connecticut and New York.

3. I am a 2007 graduate of Tulane University School of Law and a 2003 graduate from Boston College. I am a former judicial clerk and worked for the Connecticut firm the Law Office of Norman Pattis before joining Lemberg Law in 2009.

4. I have extensive experience in consumer rights litigation including matters brought under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA") the Magnuson Moss Federal Act, the Truth in Lending Act, and a variety of state consumer protection statutes.

5. I have extensive experience in class action litigation and have been certified as class counsel in numerous cases. *See, e.g.*, *Lavigne v. First Community Bancshares, Inc., et al.*, 2018 WL 2694457, at *5 (D.N.M. June 5, 2018) (certifying TCPA class action and appointing undersigned as class counsel); *Munday v. Navy Federal Credit Union*, ECF No. 60, 15-cv-01629 (C.D. Cal., July 14, 2017) (final approval of class settlement of $2.75MM in TCPA action); *Brown v. Rita's Water Ice Franchise Co. LLC*, No. CV 15-3509, 2017 WL 1021025, at *1 (E.D. Pa. Mar. 16, 2017) (final approval of class settlement of $3MM common fund in TCPA action); *Vinas v. Credit Bureau of Napa County Inc.*, Dkt. No. 112, 14-cv-3270 (D. Md. February 22, 2017) (order granting final approval of FDCPA class action settlement); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577-MRH, 2016 WL 6916734 (W.D. Pa. July 14, 2016) (final approval of class settlement of $10MM in TCPA action); *Oberther v. Midland Credit Management*, Doc. No. 90, 14-cv-30014 (D. Ma. July 13, 2016) (order granting final approval of FDCPA class action settlement); *Butto v. Collecto, Inc.*, 290 F.R.D. 372 (E.D.N.Y. 2013) (certifying FDCPA class action); *Seekamp v. It's Huge, Inc.*, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (certifying auto fraud class action); *Zimmerman v. Portfolio Recovery Assoc., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011) (certifying FDCPA class action).

6. My firm has litigated this case on behalf of Mr. Harrington since January 2019.

7.     On May 1, 2020, I and Sergei Lemberg, Esq., attended an all-day mediation with Defendant before the Honorable Stephen Neel (Ret.) conducted by video-conference. Prior to the mediation we submitted detailed mediation briefs regarding the issues in the case, the strengths and potential weaknesses of our position, the structure of a potential class-settlement with Wells Fargo Auto. The mediation session was adversarial, conducted at arm's-length, and resulted in agreement on material terms of a class-wide settlement.

8.     Following the mediation, the Parties spent the next several months drafting, revising and agreeing to the Settlement Agreement. The Parties sought bids from settlement administrators before agreeing on JND Class Action Administration ("JND"). Wells Fargo also agreed to provided additional sworn testimony regarding the systems that it uses and the data that it maintains related to customer accounts to confirm how it compiled the Class List. Wells Fargo testified that based upon the available customer account data in its systems of record, 20,757 unique accounts comprised the Class List.

9.     Settlement administration here includes 1) mailing the notice to the 20,757 class members 2) mailing settlement checks to those who do not opt out 3) establishing a settlement website 4) establishing a toll-free hotline and responding to member inquiries and 5) processing class member correspondence. For these services, JND provided an estimate of $60,257 in administrative costs.

10.    Costs of the notice required under the Class Action Fairness Act ("CAFA") is not included in that estimate. That amount will be paid separately by Wells Fargo Auto and will not come from the Settlement Fund.

I declare under penalty of perjury that the above is true and correct.

Dated: September 3, 2020

_____
Stephen Taylor