IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>    Defendant. | Civil Action No. 1:19-cv-11180-RGS |

## DECLARATION OF SERGEI LEMBERG IN SUPPORT OF MOTION FOR FINAL APPROVAL

I, Sergei Lemberg, under penalty of perjury under the laws of the United States of America, affirm and state as follows:

1. I have personal knowledge as to all matters set forth in this Declaration and could testify to the same if called to do so.

2. My firm has litigated this case on behalf of Plaintiff Shawn Harrington since January 2019 when Mr. Harrington first contacted my office.

3. We investigated Mr. Harrington's claims, the business of Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto ("Wells Fargo Auto") and its collection activities in the Commonwealth.

4. On or about January 24, 2019, we served on Wells Fargo Auto a demand letter pursuant to M.G.L. Chapter 93A, Section 9, for relief on behalf of Plaintiff and a class of similarly situated persons. Thereafter, we filed Plaintiff's class action complaint in Middlesex Superior Court alleging Wells Fargo Auto had a practice and policy of placing more than two calls in a seven-day period to Plaintiff and a class in violation of Massachusetts law.

5. After Wells Fargo Auto removed to this Court, Plaintiff sought remand and Wells Fargo Auto sought to dismiss. The Court denied both motions and discovery commenced.

6. In September 2019, the Parties exchanged written Rule 33 & 34 requests and Defendant noticed the Plaintiff's deposition. Plaintiff sought discovery regarding Defendant's defenses, to both individual and class liability, Plaintiff's claims in chief and the prerequisites of class certification under Fed. R. Civ. P. 23. Following entry of a stipulated protective order, Wells Fargo Auto produced hundreds of pages of documents related to Plaintiff's specific account, communications with the Plaintiff and dial histories, internal policy documents including documents related to compliance with the Regulation and policy changes made overtime, documents on record retention and policies for documenting the outcome of outbound calls.

7. On May 1, 2020, I and my colleague Stephen Taylor, Esq., attended an all-day mediation with Defendant before the Honorable Stephen Neel (Ret.) conducted by video-conference. Prior to the mediation we submitted detailed mediation briefs regarding the issues in the case, the strengths and potential weaknesses of our position, the structure of a potential class-settlement with Wells Fargo Auto. The mediation session was adversarial, conducted at arm's-length, and resulted in agreement on material terms of a class-wide settlement.

8. Following the mediation, the Parties spent the next several months drafting, revising and agreeing to the Settlement Agreement. The Parties sought bids from settlement administrators before agreeing on JND Class Action Administration ("JND"). Wells Fargo also agreed to provided additional sworn testimony regarding the systems that it uses and the data that it maintains related to customer accounts to confirm how it compiled the Class List. Wells Fargo testified that based upon the available customer account data in its systems of record, 20,757 unique accounts comprised the Class List.

9. I respectfully request the Court grant final approval of the Parties' Class Action Settlement Agreement.

I declare under penalty of perjury that the above is true and correct.

Dated: December 3, 2020

                                                    /s/ *Sergei Lemberg*
                                                  Sergei Lemberg