IN THE UNITED STATES DISTRICT COURT
FOR THE DIRSTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN HARRINGTON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>    Defendant. | Civil Action No. 1:19-cv-11180-RGS |

## DECLARATION OF JENNIFER M. KEOUGH REGARDING SETTLEMENT ADMINISTRATION

I, JENNIFER M. KEOUGH, declare and state as follows:

1. I am the Chief Executive Officer at JND Legal Administration LLC ("JND"). JND is a legal administration services provider with its headquarters located in Seattle, Washington. JND has extensive experience with all aspects of legal administration and has administered settlements in hundreds of class action cases.

2. JND is serving as the Settlement Administrator[1] in the above-captioned litigation ("Action") for the purposes of administering the Class Action Settlement Agreement ("Settlement Agreement") preliminarily approved by the Court in its Order Preliminarily Approving Settlement; Certifying Settlement Class, Approving Notice; and Setting Date for Final Approval Hearing ("Preliminary Approval Order") . This Declaration is based on my personal knowledge, as well as

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings given such terms in the Settlement Agreement.

1

upon information provided to me by experienced JND employees, and if called upon to do so, I could and would testify competently thereto.

## CLASS MEMBER DATA

3.  On September 9, 2020, JND received a spreadsheet from the Defendant containing the names, mailing addresses, telephone numbers, and e-mail addresses, to the extent available, belonging to 20,757 individuals identified as Settlement Class Members[2].

4.  Prior to commencing the notice mailing, JND updated the contact information for 2,929 Class Member records using data from the National Change of Address (NCOA) database.[3] The Settlement Class Member data was then promptly loaded into a secure database established for this Action.

## CAFA NOTICE

5.  In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, JND compiled a CD-ROM containing the following documents:

    a. Class Action Complaint and Demand for Jury Trial, filed on April 8, 2019;

    b. First Amended Class Action Complaint and Demand for Jury Trial, filed on May 30, 2019;

    c. Motion for Preliminary Approval of Class Action Settlement, filed on September 3, 2020;

    d. Memorandum of Law in Support of Motion for Preliminary Approval of Class Action Settlement, filed on September 3, 2020;

---

[2] Of the 20,757 Class Member records received, JND identified 151 duplicate records (borrowers with more than one eligible loan during the Class Period).  As these individuals are entitled to a share for each eligible loan, the duplicate records were included in the notice mailing at Defendant's direction.

[3] The NCOA database is the official United States Postal Service ("USPS") technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the stream.  This product is an effective tool to update address changes when a person has completed a change of address form with the USPS.  The address information is maintained on the database for 48 months.

      e.    Class Action Settlement Agreement, filed on September 3, 2020, and including the proposed Notices, Preliminary Approval Order, and Final Approval Order.

      f.    Preliminary Approval Order, filed on September 8, 2020;

      g.    List of Class Members by State;

      h.    Proportionate Share of Class Members by State.

6.    The CD-ROM was mailed on September 11, 2020, to the appropriate Federal and State officials identified in the attachment with an accompanying cover letter, a copy of which is attached hereto as **Exhibit A**.

## NOTICE MAILING

7.    Pursuant to the terms of the Settlement Agreement, on October 8, 2020, JND mailed the Court-approved Postcard Notice via United States Postal Service ("USPS") first-class mail to the 20,757 Settlement Class Members. A representative copy of the Postcard Notice is attached hereto as **Exhibit B**.

8.    As of the date of this Declaration, JND has tracked 2,036 of these Postcard Notices as undeliverable. Of the undeliverable Notices, JND re-mailed 413 Postcard Notices to forwarding addresses provided by the USPS. For the remaining undeliverable Postcard Notices, JND conducted advanced address skip-trace research and received updated address information for 1,041 Settlement Class Members. JND promptly re-mailed the Notice to the 1,041 Class Members accordingly, of which 48 were subsequently returned as undeliverable.

9.    As of the date of this Declaration, 20,127 Settlement Class Members were mailed a Postcard Notice that was not returned as undeliverable, representing approximately 97% of the Settlement Class.

    e.   Class Action Settlement Agreement, filed on September 3, 2020, and including the proposed Notices, Preliminary Approval Order, and Final Approval Order.

    f.   Preliminary Approval Order, filed on September 8, 2020;

    g.   List of Class Members by State;

    h.   Proportionate Share of Class Members by State.

6.   The CD-ROM was mailed on September 11, 2020, to the appropriate Federal and State officials identified in the attachment with an accompanying cover letter, a copy of which is attached hereto as **Exhibit A**.

## NOTICE MAILING

7.   Pursuant to the terms of the Settlement Agreement, on October 8, 2020, JND mailed the Court-approved Postcard Notice via United States Postal Service ("USPS") first-class mail to the 20,757 Settlement Class Members. A representative copy of the Postcard Notice is attached hereto as **Exhibit B**.

8.   As of the date of this Declaration, JND has tracked 2,036 of these Postcard Notices as undeliverable. Of the undeliverable Notices, JND re-mailed 413 Postcard Notices to forwarding addresses provided by the USPS. For the remaining undeliverable Postcard Notices, JND conducted advanced address skip-trace research and received updated address information for 1,041 Settlement Class Members. JND promptly re-mailed the Notice to the 1,041 Class Members accordingly, of which 48 were subsequently returned as undeliverable.

9.   As of the date of this Declaration, 20,127 Settlement Class Members were mailed a Postcard Notice that was not returned as undeliverable, representing approximately 97% of the Settlement Class.

**TOLL-FREE INFORMATION LINE**

10. On October 8, 2020, JND established a case-specific toll-free telephone number, 1-888-921-0729, for Settlement Class Members to call to obtain information about the Settlement. Callers have the option to listen to the Interactive Voice Response ("IVR") system, or to speak with a live agent. The toll-free number is accessible 24 hours a day, seven days a week.

11. As of the date of this Declaration, the toll-free number has received 223 incoming calls.

**SETTLEMENT WEBSITE**

12. On October 8, 2020, JND established a Settlement Website (www.HarringtonClass.com), which hosts copies of important case documents (including, but not limited to, downloadable copies of the Long Form Notice, Settlement Agreement, First Amended Class Action Complaint, Preliminary Approval Order, and the Motion for an Award of Attorneys' Fees and Expenses and an Incentive Award to the Named Plaintiff), answers to frequently asked questions, and contact information for the Settlement Administrator by telephone and mail. The Settlement Website also allows Class Members to submit address updates electronically. A representative copy of the Long Form Notice, as it appears on the Settlement Website, is attached hereto as **Exhibit C**.

13. As of the date of this Declaration, the Settlement Website has tracked 759 unique users who registered 2,067 pageviews.

**REQUESTS FOR EXCLUSION**

14. The Long Form Notice states that that if any Settlement Class Member would like to be excluded from the Settlement, the Class Member must submit an exclusion letter to the Settlement Administrator, postmarked on or before December 7, 2020.

15. As of the date of this Declaration, JND has received one (1) exclusion request from Class Member Michael A. Latino. If JND receives any additional timely exclusion requests, JND will provide a supplemental declaration to the Parties.

**OBJECTIONS**

16. The Long Form Notice states that any Settlement Class Member who would like to object to the terms of the Settlement can file an objection to the Clerk of the Court no later than December 7, 2020.

17. As of the date of this Declaration, JND has not received and is not aware of any objections to the proposed Settlement. If JND receives timely objections, JND will provide a supplemental declaration to the Parties.

**ADMINISTRATION COSTS AND EXPENSES**

18. As of the date of this Declaration, JND has incurred $25,203.15 in administration costs and expenses. JND estimates that the remaining costs will be approximately $46,095.85, including work in connection with the initial and supplemental check distributions and administration completion.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 3, 2020 at Seattle, Washington.

_____
JENNIFER M. KEOUGH

# EXHIBIT A



September 11, 2020

United States Attorney General
and the Appropriate Officials
Identified in Attachment A

**RE:  CAFA Notice of Proposed Class Action Settlement**

Dear Attorney General or Appropriate State Official:

This Notice is being provided to you in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 on behalf of Defendant, Wells Fargo Bank, N.A., in the below-referenced class action lawsuit ("the Action"). A Class Action Settlement Agreement was submitted for approval to the Court on September 3, 2020. The Court granted preliminary approval of the Class Action Settlement on September 8, 2020.

> **Case Name:** *Shawn Harrington, et al. v. Wells Fargo Bank, N.A.*
> **Case Number:** *1:19-cv-11180-RGS*
> **Jurisdiction:** *United States District Court for the District of Massachusetts*
> **Date Settlement file**d
> **with Court:** *September 3, 2020*

Copies of all materials filed in the Action are electronically available on the Court's Pacer website found at https://pcl.uscourts.gov. Additionally, pursuant to 28 U.S.C. § 1715 (b), the enclosed CD-ROM contains the following documents filed in the Action:

**01 - Class Action Complaint.pdf**
Class Action Complaint and Demand for Jury Trial, filed on April 8, 2019

**02 - Amended Complaint.pdf**
First Amended Class Action Complaint and Demand for Jury Trial, filed on May 30, 2019

**03 - Motion for Preliminary Approval.pdf**
Motion for Preliminary Approval of Class Action Settlement, filed on September 3, 2020

**04 - Memorandum of Law.pdf**
Memorandum of Law in Support of Motion for Preliminary Approval of Class Action Settlement, filed on September 3, 2020

**05 - Settlement Agreement.pdf**
Class Action Settlement Agreement, filed on September 3, 2020, and attaching:

**Exhibit A** - Long Form Notice

    **Exhibit B** - [Proposed] Preliminary Approval Order

    **Exhibit C** - Short Form/Postcard Notice

    **Exhibit D** - [Proposed] Final Approval Order

> **06 - Preliminary Approval Order.pdf**
>   Order Preliminarily Approving Settlement; Certifying Settlement Class; Approving Notice; and Setting Date for Final Approval Hearing, filed on September 8, 2020
>
> **07 - List of Class Members by State.pdf**
>
> **08 - Proportionate Share of Class Members by State.pdf**

If you have any questions regarding the details of the case and settlement, please contact Defense Counsel's representatives at:

> Sean R. Higgins
> K&L Gates LLP
> One Lincoln Street
> State Street Financial Center
> Boston, MA 02111
> 617-261-3100
> Fax: 617-261-3175
> sean.higgins@klgates.com
>
> For questions regarding this Notice, please contact JND at:
>
> JND Class Action Administration
> 1100 2nd Ave, Suite 300
> Seattle, WA 98101
> Phone: 800-207-7160

Regards,

/s/

JND Legal Administration

Enclosures

Case 1:19-cv-11180-RGS Document 47-2 Filed 12/03/20 Page 9 of 20

*Shawn Harrington, et al. v. Wells Fargo Bank, N.A.*, Case No. 1:19-cv-11180-RGS (D. Mass.)
**CAFA Notice – Attachment A – Service List**

Kevin G. Clarkson
Office of the Attorney General
1031 W 4th Ave
Ste 200
Anchorage, AK 99501

Steve Marshall
Office of the Attorney General
501 Washington Ave
Montgomery, AL 36104

Leslie Rutledge
Office of the Attorney General
323 Center St
Ste 200
Little Rock, AR 72201

Mark Brnovich
Office of the Attorney General
2005 N Central Ave
Phoenix, AZ 85004

CAFA Coordinator
Office of the Attorney General
Consumer Protection Section
455 Golden Gate Ave., Ste 11000
San Francisco, CA 94102

Phil Weiser
Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Fl
Denver, CO 80203

William Tong
Office of the Attorney General
165 Capitol Ave
Hartford, CT 06106

Kathy Jennings
Delaware Department of Justice
Carvel State Office Building
820 N French Street
Wilmington, DE 19801

Ashley Moody
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL 32399

Chris Carr
Office of the Attorney General
40 Capitol Sq SW
Atlanta, GA 30334

Clare E. Connors
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813

Thomas J. Miller
Office of the Attorney General
Hoover State Office Building
1305 E. Walnut Street Rm 109
Des Moines, IA 50319

Lawrence G. Wasden
State of Idaho
Office of the Attorney General
700 W. Jefferson St, Suite 210
Boise, ID 83720

Kwame Raoul
Office of the Attorney General
James R. Thompson Center
100 W. Randolph St
Chicago, IL 60601

*Shawn Harrington, et al. v. Wells Fargo Bank, N.A.*, **Case No. 1:19-cv-11180-RGS (D. Mass.)**
**CAFA Notice – Attachment A – Service List**

| | |
|---|---|
| Curtis T. Hill, Jr.<br>Indiana Attorney General's Office<br>Indiana Government Center South<br>302 W Washington St 5th Fl<br>Indianapolis, IN  46204 | Derek Schmidt<br>Office of the Attorney General<br>120 SW 10th Ave<br>2nd Fl<br>Topeka, KS  66612 |
| Daniel Cameron<br>Office of the Attorney General<br>Capitol Building<br>700 Capitol Ave Ste 118<br>Frankfort, KY  40601 | Jeff Landry<br>Office of the Attorney General<br>1885 N. Third St<br>Baton Rouge, LA  70802 |
| CAFA Coordinator<br>General Counsel's Office<br>Office of Attorney General<br>One Ashburton Pl<br>Boston, MA  02108 | Brian E. Frosh<br>Office of the Attorney General<br>200 St. Paul Pl<br>Baltimore, MD  21202 |
| Aaron Frey<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME  04333 | Dana Nessel<br>Department of Attorney General<br>G. Mennen Williams Building, 7th Fl<br>525 W Ottawa St<br>Lansing, MI  48933 |
| Keith Ellison<br>Office of the Attorney General<br>445 Minnesota St<br>Suite 1400<br>St. Paul, MN  55101 | Eric Schmitt<br>Attorney General's Office<br>Supreme Court Building<br>207 W High St<br>Jefferson City, MO  65101 |
| Lynn Fitch<br>Office of the Attorney General<br>Walter Sillers Building<br>550 High St Ste 1200<br>Jackson, MS  39201 | Tim Fox<br>Office of the Attorney General<br>215 N. Sanders<br>Justice Building, Third Fl<br>Helena, MT  59601 |
| Josh Stein<br>Attorney General's Office<br>114 W Edenton St<br>Raleigh, NC  27603 | Wayne Stenehjem<br>Office of the Attorney General<br>State Capitol, 600 E Boulevard Ave<br>Dept. 125<br>Bismarck, ND  58505 |

Case 1:19-cv-11180-RGS Document 47-2 Filed 12/03/20 Page 11 of 20

*Shawn Harrington, et al. v. Wells Fargo Bank, N.A.*, **Case No. 1:19-cv-11180-RGS (D. Mass.)**
**CAFA Notice – Attachment A – Service List**

Doug Peterson
Office of the Attorney General
2115 State Capitol
Lincoln, NE  68509

Gordon MacDonald
Office of the Attorney General
NH Department of Justice
33 Capitol St.
Concord, NH  03301

Gurbir S. Grewal
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market St 8th Fl, West Wing
Trenton, NJ  08611

Hector Balderas
Office of the Attorney General
P.O. Drawer 1508
Santa Fe, NM  87504

Aaron Ford
Office of the Attorney General
Old Supreme Court Building
100 N Carson St
Carson City, NV  89701

CAFA Coordinator
Office of the Attorney General
28 Liberty St
15th Fl
New York, NY  10005

Dave Yost
Attorney General's Office
State Office Tower
30 E Broad St 14th Fl
Columbus, OH  43215

Mike Hunter
Office of the Attorney General
313 NE 21st St
Oklahoma City, OK  73105

Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St NE
Salem, OR  97301

Josh Shapiro
PA Office of the Attorney General
Strawberry Square 16th Fl
Harrisburg, PA  17120

Peter F. Neronha
Office of the Attorney General
150 S Main St
Providence, RI  02903

Alan Wilson
Office of the Attorney General
Rembert C. Dennis Bldg
1000 Assembly St Rm 519
Columbia, SC  29201

Jason Ravnsborg
Office of the Attorney General
1302 E Highway 14
Ste 1
Pierre, SD  57501

Herbert H. Slatery, III
Office of the Attorney General
301 6th Ave N
Nashville, TN  37243

*Shawn Harrington, et al. v. Wells Fargo Bank, N.A.*, Case No. 1:19-cv-11180-RGS (D. Mass.)
**CAFA Notice – Attachment A – Service List**

| | |
|---|---|
| Ken Paxton<br>Office of the Attorney General<br>300 W. 15th St<br>Austin, TX 78701 | Sean D. Reyes<br>Office of the Attorney General<br>Utah State Capitol Complex<br>350 North State St Ste 230<br>Salt Lake City, UT 84114 |
| Mark R. Herring<br>Office of the Attorney General<br>202 N. Ninth St.<br>Richmond, VA 23219 | T.J. Donovan<br>Attorney General's Office<br>109 State St.<br>Montpelier, VT 05609 |
| Bob Ferguson<br>Office of the Attorney General<br>1125 Washington St SE<br>Olympia, WA 98501 | Josh Kaul<br>Attorney General's Office<br>114 E State Capitol<br>Madison, WI 53702 |
| Patrick Morrisey<br>Office of The Attorney General<br>State Capitol, 1900 Kanawha Blvd E<br>Building 1 Rm E-26<br>Charleston, WV 25305 | Bridget Hill<br>Office of the Attorney General<br>Kendrick Building<br>2320 Capitol Ave<br>Cheyenne, WY 82002 |
| Karl A. Racine<br>Office of the Attorney General<br>441 4th St NW<br>Suite 1100 S<br>Washington, DC 20001 | William P Barr<br>Office of the U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530 |
| Ines Carrau Martinez<br>Dpto. de Justicia de Puerto Rico<br>Calle Teniente César González 677<br>Esq. Ave. Jesús T. Piñero<br>San Juan, PR 00918 | |

# EXHIBIT B

NOTICE FROM
UNITED STATES DISTRICT FOR
THE DISTRICT OF
MASSACHUSETTS
(not a lawyer solicitation)

Harrington v. Wells Fargo
c/o JND Legal Administration
PO Box 91344
Seattle, WA 98111

PRSRTD
FIRST-CLASS
MAIL
U.S. POSTAGE
PAID

A Settlement Agreement has been reached in a class action lawsuit alleging that Wells Fargo Bank, N.A. ("Wells Fargo"), violated the law by placing in excess of two telephone calls in a seven day period to Massachusetts consumers to collect a debt regarding a Wells Fargo automobile loan. Wells Fargo's records show that you may be a class member and may be entitled to payment under the Settlement Agreement reached in the case.

[NOTICE ID IN DIGITS]
[NOTICE ID IN BARCODE]

Postal Service: Please Do Not Mark or Cover Barcode

The Settlement Agreement provides for a settlement fund of $1,025,000.00 to pay Settlement Class Members, attorney's fees, costs, any incentive award to the Class Representative (Shawn Harrington) and settlement administration costs. Each Class Member is entitled to an equal share of the fund. If the settlement is approved, Settlement Class Members shall qualify for direct payments from the Settlement Fund. Your legal rights are affected whether you act or don't act so read this notice carefully.

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

This Postcard Notice contains limited information about the Settlement. For more information visit www.Harringtonclass.com

*THIS CARD PROVIDES LIMITED INORMATION ABOUT THE SETTLEMENT VISIT www.Harringtonclass.com FOR MORE INFORMATION*

In the lawsuit, the Plaintiff alleges that Wells Fargo violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA"), and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00, et seq. ("MDCR"), by placing in excess of two calls regarding a debt within a seven-day period to Plaintiff and other Massachusetts consumers. Wells Fargo denies any wrongdoing and denies that it violated the MCPA, the MDCR or any other law. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of further litigation. You can read Plaintiff's Complaint, the Settlement Agreement and other case documents at www.Harringtonclass.com.

**Who's Included in the Settlement Class?** The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List. There are 20,757 Settlement Class Members.

**What Can You Get?** If the Settlement Agreement is approved, each of the 20,757 Settlement Class Member will be sent an equal share of the $1,025,000.00 Settlement Fund after deductions for administrative costs, attorney's fees and costs and any incentive award to the named Plaintiff. Class Counsel will request up to one-third of the Settlement Fund in attorney's fees and costs and up to $7,500 as an incentive award to the named Plaintiff for his services on behalf of the Settlement Class. If some Settlement Class Members do not cash the Initial Settlement Check, those uncashed funds will be distributed equally in a Second Settlement Check to all Settlement Class Members who did cash their first check.

The Settlement is explained in detail in the Full Notice and in the Settlement Agreement available at www.Harringtonclass.com.

**How to Get Money?** You do not need to do anything to recover. If the Settlement Agreement is approved payments will be made directly to Settlement Class Members.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **December 7, 2020** or you will not be able to sue the Defendants for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by **December 7, 2020**. The Full Notice, located at the website listed below, explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on **December 17, 2020** at **2:00 p.m.** to consider whether to approve the Settlement, Plan of Allocation, and a request by the lawyers representing all Class Members for fees and for reimbursement of expenses for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. **If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute Released Claims.**

For more information or a Claim Form, call 1-888-921-0729 or visit www.Harringtonclass.com
**Do not contact the Court, Defendant or its counsel with questions.**

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
----------------------------------------------------------------X

Shawn Harrington, *on behalf of himself and all others similarly situated*,

                Plaintiff,

   v.

Wells Fargo Bank, N.A.

                Defendant.
----------------------------------------------------------------X



## NOTICE REGARDING
## CLASS ACTION SETTLEMENT

A Settlement Agreement has been reached in a class action lawsuit alleging that Wells Fargo Bank, N.A. ("Wells Fargo") violated the law by placing in excess of two telephone calls in a seven day period to Massachusetts consumers to collect a debt regarding a Wells Fargo automobile loan. Wells Fargo's records show that you may be a class member under the Settlement Agreement reached in the case.

The Settlement Agreement provides for a settlement fund of $1,025,000.00 to pay Settlement Class Members, attorney's fees, costs, any incentive award to the Class Representative (Shawn Harrington) and settlement administration costs. If the settlement is approved, Settlement Class Members shall qualify for direct payments from the Settlement Fund. Your legal rights are affected whether you act or don't act so <u>read this notice carefully</u>.

| YOUR OPTIONS ||
|---|---|
| **Option 1:**<br>**Do Nothing** | **Do nothing and recover from the Settlement Fund**<br>If the Settlement Agreement is approved by the Court, Settlement Class Members will receive direct equal payments from Settlement Fund. Settlement Class Members do not need to submit any claim to recover. |
| **Option 2:**<br>**Ask to be Excluded**<br>**Deadline: December 7, 2020** | **Get out of this lawsuit and get no benefits from it**<br>You may ask to be excluded from the lawsuit. By excluding yourself, you cannot recover as part of this settlement and you keep a right to sue on your own. |
| **Option 3: Object**<br>**Deadline: December 7, 2020** | **Object to the terms of the Settlement Agreement**<br>You may object to the terms of the Settlement Agreement and have your objections heard at the Fairness Hearing to be held on **December 17, 2020**. If you object to the Settlement Agreement you do remain part of the Settlement Class. |

Questions? Visit www.Harringtonclass.com or call toll-free at 1-888-921-0729

| 1. | **What is this lawsuit about?** |
|---|---|

In the lawsuit, the Plaintiff alleges that Wells Fargo violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and the Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), by placing in excess of two calls regarding a debt within a seven-day period to Plaintiff and other Massachusetts consumers.

Wells Fargo denies any wrongdoing and denies that it violated the MCPA, the MDCR or any other law.

Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of further litigation.

You can read Plaintiff's Complaint, the Settlement Agreement and other case documents at www.Harringtonclass.com.

| 2. | **Why is this a class action?** |
|---|---|

In a class action, a Class Representative (in this case, Plaintiff Shawn Harrington) sues on behalf of a group (or a "Class") of people.  Here, the Class Representative sued on behalf of people who have similar claims regarding allegedly excessive debt collection calls.

| 3. | **Why is there a settlement?** |
|---|---|

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement agreement as to Plaintiff's and the Class claims.

| 4. | **How do I know if I am a part of the settlement?** |
|---|---|

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> The individuals who were borrowers on a Wells Fargo Auto loan who may have received in excess of two telephone calls from Wells Fargo Auto in Massachusetts within a seven-day period to their residence, cellular telephone, or other telephone number regarding their automobile debt between April 26, 2015, and December 31, 2019, as reflected on the Class List.

There are 20,757 Settlement Class Members.

| 5. | **How do I recover?** |
|---|---|

You do not need to do anything to recover.  If the Settlement Agreement is approved, the Settlement Fund, minus administrative costs, attorney's fees and costs and any incentive award to the named Plaintiff, will be distributed by a mailed check directly to Settlement Class Members in an equal amount.

Questions? Visit www.Harringtonclass.com or call toll-free at 1-888-921-0729

If some Settlement Class Members do not cash the Initial Settlement Check, those uncashed funds will be distributed equally in a Second Settlement Check to all Settlement Class Members who did cash their first check.

If any amounts are remaining from the uncashed Second Settlement Checks, those amounts will be provided to a charitable organization. The parties have recommended the Commonwealth of Massachusetts United Ways.

| 6. | What am I giving up to receive these benefits? |
|---|---|

By staying in the Class, all of the Court's orders will apply to you, and you give a "release" for any claims arising from allegedly excessive telephone calls to you. A release means you cannot sue or be part of any other lawsuit against Wells Fargo and the Released Parties about the claims or issues in this lawsuit and you will be bound by the Settlement Agreement.

| 7. | How much will the Class Representative receive? |
|---|---|

The Class Representative will receive his portion of the settlement as a Class Member and an incentive award for having pursued this action. Any incentive payment is subject to Court Approval. The Class Representative will request an Incentive Award of $7,500.

| 8. | Do I have a lawyer in this case? |
|---|---|

To represent the class, the Court has appointed attorneys with the law firm of Lemberg Law, LLC, 43 Danbury Road, Wilton, CT 06897 as "Class Counsel."

Class Counsel will request an award of attorney's fees of no more than 33% of the Settlement Fund and for reimbursement of expenses. Any attorney's fee and expense award is subject to Court Approval. You may hire your own attorney, but only at your own expense.

| 9. | I don't want to be part of this case, how do I ask to be excluded? |
|---|---|

Answer: Send a Request to Be Excluded.

If you don't want a payment from this settlement, but you want to keep the right to individually sue the Defendant about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself, or "opting out", of the Settlement Class. To request to exclude yourself, you must send a letter by mail with (a) the Requester's full name, address, and the name of the Action and telephone number; (b) the Requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian, or person acting under a valid power of attorney, to act on behalf of the Requester; and (c) state unequivocally that the Requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

You must mail your exclusion request postmarked no later than **December 7, 2020** to *Harrington v. Wells Fargo, c/o JND Legal Administration, P.O. Box 91344, Seattle, WA 98111.*

| 10. | How do I object? |
|---|---|

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement. In order to exercise this right, you must submit your objection to the Court by the Objection Deadline. Your objection must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the complete legal and factual bases for the Objection, including citations to relevant authorities; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vi) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

Any Class Member that fails to do object in the manner set forth herein shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise and shall be bound by all of the terms of this Settlement upon Final Approval and by all proceedings, orders and judgments, including but not limited to the Release in the Action.

Objections must be filed with the Clerk of the Court, and delivered or postmarked no later than **December 7, 2020.**

The Court's address is: *Clerk of the Court, District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210*.

### The Fairness Hearing

The Court will hold a fairness hearing on **December 17, 2020** in the courtroom of the Honorable Richard G. Stearns, U.S. Courthouse, *District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210*. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to rule on applications for compensation for Class Counsel and an incentive award for the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

### FOR MORE INFORMATION

Additional information and documents, including case documents, are available at www.Harringtonclass.com, or you can call 1-888-921-0729.